Nash, C. J.
 

 On the part of the defendant it is contended that he, the defendant, and the plaintiffs were tenants in common of the vessel, and therefore this action cannot be maintained for any misuse of it; and secondly, if any can be brought, it must bo on the contract and not in tort. That an action can be sustained by one tenant in common against another for a misuser of the property is proved by many cases. In
 
 Cubit and Pender,
 
 15th East R. 216, Littledale, Justice, says if two persons are tenants in common of a tract of land on which there is a brick wall, and one refuses to repair and the other pulls it down and sells the materials and builds a better wail, it may be said there.is total destruction of the old wall, and an action of trespass will lie. But if he sold the old materials for the purpose of building a new one, an action of trespass will not lie.
 
 “
 
 Such an act is more proper-
 
 “
 
 ly the subject matter of an action on the case, because it is in
 
 “
 
 the nature of a partial injury, and not of a total destruction of
 
 “
 
 the subject matter of the tenancy in common.” And Baily, Justice, in the same case says, when there has not been a total destruction of the subject matter of the tenancy in common, “ but
 
 “
 
 only a partial injury to it, an action on the case will lie by one
 
 “
 
 tenant against the other.” See also
 
 Anders
 
 v.
 
 Meredith, A
 
 Dev. & Bat. 199. It may then be safely laid down as a principle governing actions between tenants in common, that when
 
 *310
 
 there is a total destruction of the article held in common, an action of trover or trespass may be sustained
 
 ;
 
 but where there has been simply an abuse of it whereby its value is impaired, an ac- , lion on the case may be brought. As to the second point contend*ed for by the defendant, we think it untenable. The plaintiffs have not declared on the contract, but in tort, making the neglect of duty on the part of the defendant the gravamen of their claim. Two questions are presented to us : the first, can tenants in common contract with each other concerning the subject matter of the tenancy? and if so, can they desert the contract and declare in tort? The case of
 
 Ouston
 
 v. Ogle, 13 East. 538, is a direct authority upon the first branch of the inquiry. There the plaintiff declared upon a special agreement in writing, made between himself and the defendant and several others by name, part owners of a ship, whereby they and each and every of them agreed to and with the others and each and every of the others, among other things, that the ship should proceed on a voyage to the West Indies, and should be under the sole management and control of the defendant as husband thereof, &c. To this declaration the defendant demurred and filed special causes : the first was, that the plaintiff and defendant were, with certain other persons, part owners and partners in the ship, and that the action was brought on a partnership account; the fourth was, that by reason of any duty relating to a partnership in the ship, independent of the agreement, the defendant is not liable to an action at law. The Court would not suffer Abbott who appeared for the plaintiff to make any argument; the demurrer was overruled, and judgment given for the plaintiff. That case very clearly recognizes the principle that tenants in common and partners may make a contract with one of their number concerning the use of the property so held, and its violation gives a good cause of action at law to those injured. Upon the second branch of the inquiiy, we are of opinion the action is properly brought in tort; where the law, from a given statement of facts raises an obligation to do a particular act, and there is a breach of that obligation and a consequent damage, an action on the case, founded on the tort, is the proper action. In
 
 Govelt and Radnige,
 
 3 East. 70, Lord Ellenborough observes, there is no inconvenience in suffering a plaintiff to al
 
 *311
 
 lege his gravamen as consisting in a breach of duty arising out of an employment for him, and bringing the action for that breach rather than upon a breach of promise. So Baily, Justice, in
 
 Burnett and Dynch,
 
 5th Bam. &• Adol. 609, says, although there be a special contract a party is not bound to resort to it, but he may declare on the tort and say that the defendant has neglected to perform his duty. See Saunders on PI. & Ev. 338. This doctrine is recognized in this State in the cases of
 
 Williamson
 
 v.
 
 Dickens,
 
 5 Ire. 259;
 
 Ledbetter
 
 v.
 
 Torney and others
 
 11th Ire. 294, and in
 
 Robinson
 
 v.
 
 Threadgill,
 
 13th Ire. 39. The plaintiff was entitled to sue in tort, and if the evidence showed that there had been a breach of duty on the part of the defendant in performing his contract, the plaintiff would have been entitled to a verdict. This was a matter of inquiry for the jury, under the proper instructions of the Court. But his Honor did not submit the question to the jury, but nonsuited the plaintiffs. In this there was error.
 

 Pee Curiam. Judgment reversed, and
 
 venire de novo
 
 awarded.