LEON SUSKIN v. MARYLAND TRUST COMPANY AND SIDNEY R. TRAUB, EXECUTORS AND TRUSTEES OF THE ESTATE OF LOUIS B. SUSKIN; AND SUSKIN & BERRY, INC. (ORIGINAL PARTIES DEFENDANT), AND JOHN ARCHBELL WILKINSON, ADMINISTRATOR OF LOUIS B. SUSKIN, DECEASED (ADDITIONAL PARTY DEFENDANT).

(Filed 2 November, 1938.)

**1. Abatement and Revival § 10—**

The common law rule that a personal right of action dies with the person has been changed by statute so that causes of action, except in specified instances, C. S., 162, survive and are maintainable by or against the deceased person's personal representative, C. S., 159, 461.

**2. Same: Executors and Administrators § 19—Cause of action for unliquidated damages survives only against personal representative of tort-feasor.**

Plaintiff instituted this action against the executors and trustees of deceased, alleging that the deceased had converted plaintiff's stock and dividends thereon, from a specified year, to his own use, and prayed damages for the wrongful conversion. The action as against defendant executors was dismissed upon their special appearance. *Held:* Plaintiff's cause of action against the trustees is not for the recovery of the *"res,"* there being no allegation that the property converted or property acquired with the proceeds thereof was in the possession of the trustees, but is based on a claim for unliquidated damages which survives only against the tort-feasor's personal representative, and the trustees' demurrer to the complaint was properly sustained. Whether the action could be maintained against the trustees after the claim had been reduced to judgment against the executors and thus made a debt under C. S., 59, is not presented for decision.

APPEAL by plaintiff from *Frizzelle, J.,* at Chambers, 26 July, 1938. From CRAVEN. Affirmed.

This is a civil action to recover damages for the wrongful conversion of stock and dividends thereon.

The plaintiff is a resident of Craven County. The original parties defendant are executors and trustees of the estate of Louis B. Suskin, late of the city of Baltimore, Md., who died 12 January, 1935, leaving a last will and testament in which he named the Maryland Trust Company and Sidney R. Traub executors and devised to them as trustees the major portion of his estate.

The plaintiff alleges that the Standard Overall Company, a Maryland corporation, on 15 September, 1919, issued and delivered to plaintiff three certificates for a total of fifty shares of its preferred stock; that said stock has never been transferred or assigned by him; that the deceased was in control of and dominated the Standard Overall Company and that through his position of influence with the said corporation he wrongfully and unlawfully caused and procured said company to issue to him and in his name a certificate for fifty shares of preferred stock of said corporation in lieu of the three certificates issued to the plaintiff for the total amount of fifty shares; that the deceased thereafter wrongfully and unlawfully converted all dividends issued on said stock, including a certificate for twenty-one shares of the common stock issued to the deceased in lieu of dividends, to his own use. The plaintiff's stock was issued to him 15 September, 1919, and he alleges that the deceased received the certificate for the twenty-one shares of common stock 7 February, 1927, and that he converted all dividends paid since 1926.

The plaintiff prays judgment for $40,000 damages for the wrongful and unlawful conversion of the property of the plaintiff; for the sum of the total of the amounts of all dividends and accruals wrongfully collected; and for the value of the stock wrongfully converted.

The Maryland Trust Company and Sidney R. Traub as trustees made a general appearance and demurred to the complaint for that it does not state a cause of action. The demurrer was sustained and the plaintiff appealed.

*L. I. Moore and R. E. Whitehurst for plaintiff, appellant.*
*W. B. R. Guion and J. C. B. Ehringhaus for defendant trustees.*

BARNHILL, J. The defendant executors, on special appearance, moved the court to dismiss the action as to them. This motion was allowed and an order entered accordingly. On appeal the order was sustained.

*Suskin v. Trust Co.,* 213 N. C., 388.   The defendant John Archbell Wilkinson, administrator, was removed from office by the clerk of the Superior Court of Beaufort County and an administrator *c. t. a.* was appointed in his stead to administer North Carolina assets of decedent's estate.   The defendant Wilkinson's appeal from the order of removal was dismissed.   *In re Estate of Suskin, ante,* 218.   As the ancillary administrator *c. t. a.* has not been made a party defendant, this action as now constituted is against the Maryland Trust Company and Sidney R. Traub as trustees of the estate of Louis B. Suskin, and Suskin & Berry, Inc., which is a party defendant only as a garnishee.

In the written demurrer filed the defendants assert that no cause of action is alleged in favor of the plaintiff and against these defendants for that:

"5. The cause of action, if any, is therefore, for a tort committed in the State of Maryland by a man who lived and died domiciled in Maryland and with reference to property the *situs* of which was at all times and still is in the State of Maryland and nine years or more before the death of the tort-feasor all of which appears in the complaint, paragraph 5.   The personal action, if any, arising therefrom, died with Suskin, the tort-feasor, and survives, if it survives at all, only by virtue of, under and in accord with the laws of the State of Maryland.

"7. And even if the Maryland law be presumed or shown to be the same as ours, the action could survive only against the tort-feasor's personal representative, namely, his executors named in his will, and as such but not against the trustees who take as trustees after and in subordination to the administration of decedent's estate, their trusteeship having come into existence after the death of the tort-feasor. Neither at common law nor under any statute does an action for tort committed by a decedent survive against any one other than the personal representative as such.

"9. And while it might be that an action could once have been maintained in the Maryland jurisdiction for recovery against the trustees for the *'res'* converted if in their possession no suit or right of action for damages on account of Suskin's conversion has ever existed against them anywhere or right of action for and on account of what was done by Suskin whether nine days or nine years prior to his death.

"Upon the basis of these facts all of which appear in the complaint, these defendants demurring being merely trustees under a trust which, under the allegations of the complaint, came into being after the death of the alleged tort-feasor and long after the conversion complained of, may not be sued for damages resulting therefrom and no cause of action

exists or survives against them as trustees merely because their trustee-ship was created by the alleged tort-feasor. As to them clearly the complaint fails to state a cause of action."

The rule of the common law is that a personal right of action dies with the person. This rule has been changed by legislative enactment and, except in specified instances, C. S., 162, causes of action now survive and an action originally maintainable by or against the deceased person is now maintainable by or against his personal representative. The cause of action survives, if it survives at all, in favor of or against the personal representative. C. S., 159; C. S., 461.

While counsel cite no Maryland statute or authority to the effect that the cause of action for the alleged tort survives, it seems that under the Maryland law plaintiff's alleged cause of action does survive against the personal representative of the deceased. Bagby's Ann. Code of Md., 2nd Vol., Art. 93, sec. 106.

The facts alleged in the complaint on demurrer are deemed to be true. These facts, considered in the light most favorable to the plaintiff, cannot be construed to constitute an action for the recovery of the *"res."* There is no allegation in the complaint that the property converted, or property acquired with the proceeds thereof, has ever been delivered to or is now in the possession of the defendants.

Plaintiff's action is based on a claim for unliquidated damages. Until reduced to judgment liquidating the amount of the claim it is not a debt under C. S., 59, *et seq.* Under the statutory provisions of the State of Maryland and of this State the action can be maintained only against the personal representative of the deceased.

Whether, after recovering judgment against the executors and thus establishing the amount due, thereby converting the claim for unliquidated damages into a debt, plaintiff could in any event pursue property which had been delivered to the trustees for the satisfaction of his judgment is not before us for decision. *Zollickoffer v. Seth,* 44 Md., 359; Story's Eq. Juris., 2nd Vol., sec. 1251.

Plaintiff's claim as presently constituted is not maintainable against the trustees under the will of Louis B. Suskin, deceased.

The judgment below is
Affirmed.