## HEALEY v. R. J. REYNOLDS TOBACCO CO. et al.

### No. 122 Civ.

District Court, M. D. North Carolina.

Dec. 11, 1942.

Tillett & Campbell, of Charlotte, N. C., James W. Stites, of Louisville, Ky., and Warren & McGroddy, of New York City, for plaintiff.

Womble, Carlyle, Martin & Sandridge, of Winston-Salem, N. C., and James D. Carpenter, Jr., of Jersey City, N. J., for defendant R. J. Reynolds Tobacco Co.

Josiah Stryker, of Newark, N. J., for individual defendants.

Womble, Carlyle, Martin & Sandridge, of Winston-Salem, N.C., for defendant Wachovia Bank & Trust Co., Trustee under the respective wills of Bowman Gray, C. A. Kent, D. Rich, and Robert D. Shore.

Ratcliff, Vaughn, Hudson & Ferrell, of Winston-Salem, N. C., for defendant Wachovia Bank & Trust Co., Trustee under the respective wills of Carl W. Harris and Joseph L. Graham.

HAYES, District Judge.

This is a suit brought by the plaintiff as a stockholder of R. J. Reynolds Tobacco Co. in behalf of herself and all other similarly situated stockholders, against R. J. Reynolds Tobacco Co. and its officers and directors and also the Wachovia Bank and Trust Co. as trustee under the wills of several former directors who are now deceased. It is alleged that the plaintiff is a citizen and resident of the state of New York; that R. J. Reynolds Tobacco Co. is a corporation, duly organized and existing under and by virtue of the laws of the state of New Jersey and is duly qualified to do business in the state of North Carolina; that its operating offices and the greater part of its manufacturing properties are located in Winston Salem, North Carolina; and it is also alleged that the other defendants are residents and citizens of the Middle District of North Carolina. The amount in controversy exclusive of interest and costs, exceeds $3,000.00. Plaintiff is the owner and registered holder of 38 shares of the new Class B. Common stock of the corporation and has been the owner and holder of five shares of New Class B. Common stock of the corporation since January 17, 1927, having acquired her remaining 33 shares as follows:

February 23, 1928 6 shares.
March 2, 1929 11 shares. ex. for 27½; ½ purchase.
November 1, 1932 10 shares.

This action is a stockholders' derivative suit to recover from the directors and officers the damages which they caused the corporation to suffer by unlawfully distributing a portion of the corporation's profits for the years 1912 to date.

It is alleged that the by-law of the corporation adopted in 1911 and under which the directors professed to act, was illegal, invalid and ultra vires and that if it was valid that the same has been improperly interpreted and acted upon by the directors.

The relief sought is:

1. Enjoining any further distribution of profits to the officers or employees pending the termination of this action.

2. Adjudging the by-law illegal and ultra vires.

3. In the alternative, construing said by-law and adjudging that in computing the corporation's annual profits, the $90,-000,000 of New Class B. Common Stock should be included in its capital base.

4. Requiring the individual defendants to account for and restore to the corporation the amount of the damage which they have caused.

The defendants have filed a motion to dismiss on the ground that it appears from the complaint that this is a suit to regulate the internal affairs of a foreign corporation and upon the further ground that another suit was pending in the state court of New Jersey, the domicile of the corporation by other stockholders (derivative suit) against the same parties and for the same purpose.

Plaintiff filed an affidavit tending to show that the corporation had no factual existence in the state of New Jersey; that the affiant made diligent search for its offices or place of business and was unable to find one, other than a mere warehouse, and that its main offices, records and officers were at Winston Salem, North Carolina. A counter-affidavit was filed on behalf of the defendants to the effect that the corporation did maintain offices in New Jersey, that the stockholders' meetings were held there and that the by-law in question was adopted there and that the corporation is licensed to do business in many states in addition to North Carolina.

The defendants in their motion to dismiss ask, in the event of its denial, for a stay in this suit until the termination of the suit in New Jersey.

■ For all legal purposes the defendant is a corporation and citizen of

New Jersey. This fact is alleged in the complaint. If the determination of the place for trial of this type of case depended upon the mere proposition of convenience, this court would unhesitatingly hold that this jurisdiction would be more convenient than the state of New Jersey, due to the fact that the officers and directors live here, and its records are here. In determining whether a court ought to entertain jurisdiction of a suit whose primary purpose is to deal with the internal affairs, especially the management, of a foreign corporation the convenience of the litigants is an important element, but it does not exclude other factors. When the management involves an interpretation of the statutes of the state of the corporation's creation, or the law of that state in the interpretation of its by-laws—not previously interpreted by the courts of that state—a foreign court ought to decline jurisdiction in the absence of a definite showing that the due administration of justice will be unduly delayed or probably thwarted. This the plaintiff has failed to establish. This case in most of its material features is identical with Rogers v. Guaranty Trust Co., 288 U.S. 123, 53 S.Ct. 295, 77 L.Ed. 652, 89 A.L.R. 720. The attack here on the conduct of the corporate officials, the lack of alleged authority, and the relief sought, fit into the mold of the Rogers case. Here, however, we have an added reason why this court should exercise its discretion and grant a dismissal—a prior suit, on the same grounds and seeking the same relief, had been pending in the court of New Jersey for nearly a year before this suit was instituted. The plaintiff asks this court to adopt the reasoning contained in the able dissenting opinions in the Rogers case but manifestly a trial court is not at liberty to disregard the majority opinion and follow the minority.

Plaintiff urges the view that the defendant here is in reality a North Carolina corporation but the same status was substantially true with the American Tobacco Co. in the above case. The considerations so well stated in that case why jurisdiction should be denied prevail here and are augmented by the pendency of a prior similar suit in the court of the corporation's domicile seeking the same relief.

The plaintiff assails the soundness of the law decided in the Rogers case, citing Cohen v. American Window Glass Co., 2 Cir., 126 F.2d 111, but we are not at liberty to disregard it. Again, plaintiff urges the doctrine that where the court has jurisdiction it ought to exercise it and can not shirk its duty. McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L. Ed. 762, and Barber Asphalt Paving Co. v. Morris, 8 Cir., 132 F. 945, 67 L.R.A. 761; Chicot County v. Sherwood, 148 U.S. 529, 13 S.Ct. 695, 37 L.Ed. 546. But this rule is greatly modified by Commonwealth of Massachusetts v. Missouri, 308 U.S. 1, page 19, 60 S.Ct. 39, page 43, 84 L.Ed. 3, in which it is said:

"We have observed that the broad statement that a court having jurisdiction must exercise it (see Cohens v. Virginia, 6 Wheat. 264, 404, 5 L.Ed. 257) is not universally true but has been qualified in certain cases where the federal courts may, in their discretion, properly withhold the exercise of the jurisdiction conferred upon them where there is no want of another suitable forum. Canada Malting Co. v. Paterson Co., 285 U.S. 413, 422, 52 S.Ct. 413, 415, 76 L.Ed. 837; Rogers v. Guaranty Co., 288 U.S. 123, 130, 131, 53 S.Ct. 295, 297, 298, 77 L.Ed. 652, 89 A.L.R. 720. Grounds for justifying such a qualification have been found in 'considerations of convenience, efficiency and justice' applicable to particular classes of cases. Rogers v. Guaranty Trust Co., supra."

Compare Chicago et al. v. Field Crest Dairies, Inc., 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355; Railroad Commission v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; and Commonwealth of Pennsylvania v. Williams, 294 U.S. 176, 185, 55 S.Ct. 380, 385, 79 L.Ed. 841, 96 A.L.R. 1166. In the last case it is said: "It has long been accepted practice for the federal courts to relinquish their jurisdiction in favor of the state courts, where its exercise would involve control of or interference with the internal affairs of a domestic corporation of the state. See Rogers v. Trust Co., supra."

The diligence of plaintiff's counsel fails to discover and present to this court a case where a court has exercised jurisdiction in a stockholder's derivative suit involving the internal affairs of a foreign corporation where a similar suit for the same relief was then pending in the court of the corporation's domicile. In the absence of a controlling case under such circumstances, I am convinced that this court ought not to exercise jurisdic-

tion. This court has no power to stay or to interfere with the prosecution or final decree of that court. If the two courts should reach the same result, double expense and valuable time would be needlessly expended and consumed. Certainly the final decree of the court of the corporation's domicile would be supreme and ultimately this court would be compelled to yield to the law of that court. It is difficult to see any advantage to be gained by exercising jurisdiction here. This plaintiff can join in the litigation there and obtain whatever relief the law of New Jersey may grant her.

It is true the plaintiff here has obtained service of process upon one director and a trustee of some deceased directors who are not before the New Jersey court but this places the plaintiff in no better position than that existing in the Rogers case. While many cases have been cited in support of, and in opposition to, the motion to dismiss, being convinced, as I am, that the law of the Rogers case controls here, it is useless to prolong the opinion. For the reasons stated the suit is dismissed without prejudice.

 As to the defendant Wachovia Bank and Trust Co., trustee under the wills of former directors now deceased, an additional reason is assigned for dismissal as to it for that the complaint fails to state a cause of action as to it; that plaintiff seeks to recover of it unliquidated damages for an alleged wrong committed by the several testators. The court is convinced that this motion should be granted. At common law, plaintiff's cause of action against the directors would have abated. But North Carolina Code, section 159 provides:

"Action survives to and against representative.—Upon the death of any person, all demands whatsoever, and right to prosecute or defend any action or special proceeding, existing in favor of or against such person, except as hereinafter provided, shall survive to and against the executor, administrator or collector of his estate."

This statute does not revive the action against a distributee, but against the personal representative. Section 150 gives him two years to make a final settlement but he may be sued within ten years thereafter. Edwards v. Lemmond, 136 N.C. 329, 48 S.E. 737, cited with approval in Pierce v. Faison, 183 N.C. 177, 110 S.E.

857. Our Circuit Court in Stewart v. Wall, 4 Cir., 87 F.2d 598, 601, held that the personal representative only could maintain an action to recover for the estate and said "relief from the common law is only effected through the enabling statutes of North Carolina."

In Suskin v. Trust Co., 214 N.C. 347, 199 S.E. 276, 278, in which the trustee was sued without service on the personal representative the action was dismissed on demurrer and the judgment affirmed on appeal. It is stated in that case: "The cause of action survives, if it survives at all, in favor of or against the personal representative."

The instant case is, like the case above, for unliquidated damages and is not now a debt within the meaning of N.C.Code, section 59. This is the distinguishing feature between the Suskin case and Moffitt v. Davis, 205 N.C. 565, 172 S.E. 317, upon which plaintiff relies. In the latter case the point was not raised but assuming that if the point had been presented and the same result prevailed, the debt, as distinguished from an unliquidated claim, existed for which the statute imposed a liability against the distributee. The cases do not necessarily conflict. The Suskin case, however, is applicable to the instant case.