W. G. WATSON v. LEE COUNTY and K. E. SEYMOUR, Chairman, G. J. CASEY, JOHN T. SALMON, JOHN W. GARNER, and J. M. WILCOX, Composing the BOARD OF COMMISSIONERS OF LEE COUNTY.

(Filed 11 October, 1944.)

**1. Pleadings §§ 14, 15—**

A demurrer, on the ground that the complaint does not state a cause of action, may be interposed at any time in either trial or appellate court. Even after answering, a defendant may demur *ore tenus,* or the court may raise the question *ex mero motu.*

**2. Pleadings § 20—**

A plaintiff's demurrer to the answer searches the record and calls into question the sufficiency in law of the complaint, for an insufficient complaint cannot afford a basis for attack upon the answer.

**3. Taxation § 40b: Clerks of Superior Court § 19½—**

In an action by an ex-clerk of the Superior Court against the county for the recovery of fees allegedly due such clerk in tax foreclosure suits by the county, the complaint, alleging that all of the tax suits in question were prosecuted to judgment against the various defendants, without any allegation or admission that in any of the suits the costs or fees were collected and turned over to the county, is demurrable as not stating a cause of action, the county being under no obligation to pay costs and officer's fees in advance, or ever unless collected. G. S., 105-391 (k), 105-391 (s).

**4. Same—**

Since there is no obligation on a county to pay any advance cost or fees accrued in a tax foreclosure suit unless cast, the voluntary payment to the clerk of the Superior Court of certain amounts, less than the fees fixed by statute, does not constitute grounds for an action against the county for the remainder of the total amount of such fees.

APPEAL by plaintiff from Bone, J., at July Term, 1944, of LEE.

Action to recover of defendant Lee County fees alleged to be due plaintiff as former clerk of the Superior Court. Plaintiff's demurrer to the answer was overruled and plaintiff appealed.

*K. R. Hoyle, J. G. Edwards, and S. R. Hoyle for plaintiff.*
*Teague & Williams and Gavin, Jackson & Gavin for defendants.*

DEVIN, J. The appeal in this case brings up for our consideration questions relating to the sufficiency of the pleadings. The plaintiff demurred to the answer on the ground that the defenses sought to be interposed to his complaint were insufficient in law and in substance. The court below, being of opinion the demurrer should be overruled, so adjudged, and the plaintiff appealed.

This action in its present form was instituted in consequence of the decision in *State ex rel. E. M. Underwood v. W. G. Watson and others,* 223 N. C., 437. It appears from the facts recited in that case that W. G. Watson had been removed as clerk of the Superior Court of Lee County, and that in the action against him and the surety on his bond for money and property withheld he had attempted to file a cross complaint against the county for balance alleged to be due him by the county on account of fees as clerk of the court. The cross complaint having been stricken out, the plaintiff brings this action to recover on this claim.

The plaintiff's complaint in this action is practically identical with his cross complaint in the former action, with the exception of an additional paragraph. In the first paragraph the plaintiff alleges in substance that during his term of office as clerk from 1928 to 1941 Lee County instituted 4,701 tax foreclosure suits which were prosecuted to final judgment, and that Lee County became indebted to him "as clerk for his legal fees for services therein" in the sum of $46,193.50. The docket numbers and dates of the tax foreclosure suits are set out. In the second paragraph it is alleged that in the audits heretofore caused to be made by Lee County of the clerk's office and funds the credit given plaintiff of $9,564.06 was for only a portion of the fees due him, leaving $36,629.06 unpaid. In the third paragraph of the complaint reference is made to certain audits and bill of particulars. From an examination of the record in the former suit when it was here at Fall Term, 1943, it appears that the bill of particulars and audits mentioned in this paragraph were involved only in the former suit, which was instituted in the name of *State ex rel. E. M. Underwood against W. G. Watson,* and the surety on his official bond, for the purpose of recovering money and property withheld by Watson as former clerk, and are pertinent to the

present action only as showing credits given for fees in tax foreclosure suits.

The defendant Lee County demurred to the complaint as insufficient and on the ground that the audits referred to did not show any amount due plaintiff by the county, but showed the payments referred to were made in full satisfaction. This demurrer was overruled by Judge Parker. The defendants excepted, and, having reserved right to have their exception heard if and when the case reached the Supreme Court, filed answer.

Defendants in their answer admitted the plaintiff was clerk from 1928 to 1941, and that Lee County during this period instituted many tax foreclosure suits, but denied any indebtedness to the plaintiff on account of the fees alleged; that the fees due the clerk on tax foreclosure suits are and were fixed by law, and imposed no liability upon the county therefor.

Defendants, however, alleged that in June, 1935, the Board of County Commissioners had entered into an agreement with plaintiff to pay the sum of $1.50 per suit in full settlement for all tax suits instituted by Lee County, and plaintiff agreed to accept this amount in full compensation for his services in such tax foreclosure suits, and that he has received full credit and compensation therefor for all suits instituted during his term of office, and that plaintiff has been paid and has received the amount agreed upon, in full and complete settlement, satisfaction and accord for all fees and services rendered by him in said suits, and is now estopped to make further claim. The defendants further alleged that, while the county does not now contest plaintiff's right to receive what has been paid him, they aver Lee County was not and is not indebted to plaintiff in any sum whatsoever for costs in said suits, and that he is not entitled to maintain an action for the same.

In a further defense defendants allege plaintiff has filed no claim for the indebtedness alleged in the complaint with defendant county or its treasurer; that his claim is barred by the two years and three years statutes of limitations, and that, since the costs in tax foreclosure suits if and when paid pass through the hands of the clerk or the commissioners appointed by him, his failure to collect the costs accruing to him would be attributable to his negligence and laches.

The plaintiff demurred to the answer as insufficient to constitute a valid defense to plaintiff's claim. The principal grounds of objection are: (1) that the defense is based on an agreement to pay the clerk as and for his fees in cases instituted in the Superior Court less than the amounts fixed by statute, and that such agreements are against public policy and void, and that receipt by plaintiff of less than legal fees does

not estop him from claiming the balance due; (2) that the two years statute on this record does not apply, for that it appears from the answer and exhibits that the matter of his claim was before and considered by defendants from time to time up to the time of his removal from office, and payments and credits thereon were acknowledged by defendants to and including year 1941; (3) that no facts appear in the answer upon which to base the allegations that plaintiff was guilty of laches or negligence.

In this Court the defendants demurred to the complaint and moved to dismiss on the ground that it did not state facts sufficient to constitute a cause of action. In view of the antecedent proceedings in the cause, may this Court now consider the defendants' demurrer to the complaint on this ground? We think so. It is the rule prevailing in this jurisdiction that a demurrer on the ground that the complaint does not state a cause of action may be interposed at any time in either trial or appellate court. It was said in *Snipes v. Monds,* 190 N. C., 190, 129 S. E., 413: "Even after answering in the trial court, or in this Court, a defendant may demur *ore tenus,* or the Court may raise the question *ex mero motu* that the complaint does not state a cause of action." *Garrison v. Williams,* 150 N. C., 674, 64 S. E., 783; *Aldridge Motors v. Alexander,* 217 N. C., 750, 9 S. E. (2d), 469; *Jones v. Furniture Co.,* 222 N. C., 439, 23 S. E. (2d), 309. In *Elam v. Barnes,* 110 N. C., 73, 14 S. E., 621, *Clark, J.,* used this language: "The Court here will look into the record, and if there is a want of jurisdiction or a failure to state a cause of action, it will *ex mero motu* dismiss the action, for such defect cannot be waived."

The reason of the rule is that if the basis of the action, the statement of the cause of action in the complaint, is defective in substance and insufficient, the action itself must fail, and when this is brought to the attention of the Court it will so declare.

We are not inadvertent to another rule of pleading, that plaintiff's demurrer to the answer searches the record and calls into question the sufficiency in law of the plaintiff's own pleadings, the reason being that an insufficient complaint cannot afford a basis for attack upon the answer. 41 Am. Jur., 456; 49 C. J., 443; McIntosh, p. 468; *Watertown Milk Producers Co-operative Association v. Van Camp Packing Co.,* 199 Wis., 379, 77 A. L. R., 391; *Cleveland Wrecking Co. v. Aetna Oil Co.,* 287 Ky., 154, 137 A. L. R., 352 (358). In *Hull v. Hull,* 225 N. Y., 342 (350), it was held that the plaintiff's demurrer to the answer, on the ground of insufficiency, privileged the defendant "to attack the sufficiency of the complaint under the familiar rule that such a demurrer searches the record for the first fault in pleading, and reaches back to condemn the first pleading defective in substance."

However, without undertaking to apply the rule last referred to, we think the question of the sufficiency of the complaint is presented, and after an examination of its allegations we reach the conclusion that it fails to state facts sufficient to constitute a cause of action, and that the defendants' demurrer filed in this Court should be sustained. This is so for two reasons: (1) The general statute fixes the fees of the clerk and in ordinary civil actions authorizes him to require of plaintiff payment thereof in advance (G. S., 2-26; G. S., 2-30). But a different provision is made in respect to tax foreclosure suits. Prosecution bonds are not required of the plaintiff county, nor may the clerk demand his fees in advance. It is made mandatory that the costs shall be taxed against the defendants in each case, and "after and when collected shall be paid to the officers entitled to receive the same." The amount of the fees in some years was reduced to one-half the statutory fees in other cases. The statutes relating to costs in tax foreclosure suits as codified in 3rd Volume of General Statutes, contain the provision that "upon collection of said costs, either upon redemption or upon payment of the purchase price at foreclosure sale, the fees allowed officers shall be paid to those entitled to receive the same." G. S., 105-391 (k). "After delivery of the deed and collection of the purchase price, the Commissioner shall apply the proceeds as follows: (1) to payment of all costs of action . , ." G. S., 105-391 (s); Public Laws 1929, ch. 334; Public Laws 1931, ch. 260; Public Laws 1933, ch. 148; Public Laws 1933, ch. 560. Thus it appears that the County of Lee, in instituting tax foreclosure suits, was under no obligation to pay the costs in advance, or ever unless finally cast. The clear implication is that the clerk's fees should be received by him only when and if collected from the defendants or from proceeds of foreclosure sales. Only in the event of judgment in favor of a defendant would the costs be taxed against the county. It is alleged here that all the suits instituted by Lee County were prosecuted to judgment against the various defendants. Since there was no obligation on the county to pay any of the costs or the fees which might or had accrued to the clerk, its voluntary payment of certain amounts to the clerk, less in the aggregate than the fees fixed by statute for those suits, may not be said to constitute grounds for an action against the county for the remainder of the total amount of fees. There is no allegation of valid contract by the county to pay his fees in these suits, and plaintiff declares only on the obligation of the county as plaintiff in the suits to pay all his fees.

(2) There is no allegation in the complaint, or admission in the answer by way of aider, that in any of the suits the costs including clerk's fees were collected and turned over to the county. In the absence

of such an allegation we do not discover grounds of liability to the plaintiff. In the complaint it is alleged simply that the tax foreclosure suits were reduced to judgment and docketed. Whether there were redemptions, payments, or foreclosure sales completed does not appear. It is true the defendants say in their answer that since the disbursement of the proceeds of foreclosure sales must come under the supervision of the clerk, he would be guilty of laches in not securing his fees therefrom, but there is no averment that in any specific suit this occurred. There is no allegation in the complaint or admission in the answer that by purchases at foreclosure sales the county became liable to the clerk for his fees, or had failed to pay same.

Whether the plaintiff's failure to allege in his complaint that before suit he had presented his claim, as required by G. S., 153-64, is supplied and aided by the allegations in the answer we need not decide.

The plaintiff has argued here with much force that any agreement between plaintiff and defendants whereby the plaintiff should receive as fees for the services required of him as a public officer in tax foreclosure suits instituted by the county a compensation less than that fixed by statute would be void as against public policy. This view is supported by the decisions in most jurisdictions and by text writers. 17 C. J. S., 588; 43 Am. Jur., 159; 70 A. L. R., 972 (annotation); 118 A. L. R., 1458; *Glavey v. U. S.,* 182 U. S., 595. And these authorities are equally in support of the view that the officer is not thereby estopped to claim the full compensation fixed by statute, less the amount received. *Salley v. McCoy,* 182 S. C., 249, 189 S. E., 196. However, since there is no allegation here that defendant county was obligated to pay the clerk's fees in the first instance, or that it withheld his compensation and paid him a less sum, or contracted to do so, the principle asserted is not called into operation by the facts alleged in the complaint or answer.

Since we are of opinion that the complaint is insufficient and that the defendants' demurrer thereto should be sustained, it is unnecessary to decide other questions raised by plaintiff's demurrers to other defenses set up in the answer, or rule on plaintiff's motions to strike portions of the answer.

The demurrer to the complaint is sustained and the cause remanded to the Superior Court of Lee County where the plaintiff may have leave to amend as provided by statute, if so advised. G. S., 1-131; G. S., 1-141; *Cody v. Hovey,* 216 N. C., 391, 5 S. E. (2d), 165; *Cody v. Hovey,* 217 N. C., 407, 8 S. E. (2d), 479.

Demurrer to complaint sustained.