DARE COUNTY v. ALBERT L. MATER, INDIVIDUALLY AND TRADING AS "AL'S BINGO."

(Filed 27 February, 1952.)

**1. Injunctions § 4d—**

An action to abate a public nuisance may not be maintained by the County, though the members of the Board of Commissioners may, as individuals, be relators in an action prosecuted in the name of the State. G.S. 19-2.

**2. Injunctions § 4g—**

Injunction will not lie to restrain a defendant from carrying on a business upon allegation that he is unlawfully operating the business without a license, since there is an adequate remedy at law by indictment, and injunction ordinarily will not lie to enjoin a commission of a crime.

**3. Appeal and Error § 6c (1)—**

    The Supreme Court will take notice *ex mero motu* of a fatal defect of party plaintiff.

APPEAL by defendant from *Crisp, Special Judge,* August Term, 1951, DARE.

Civil action in equity to restrain a public nuisance and the playing of the game of Bingo for cash prizes.

Plaintiff undertook to license the defendant to operate the game of Bingo for the year 1 May 1951 to 30 April 1952 as a business venture, as authorized by Ch. 940, Session Laws 1949, under a written contract imposing certain limitations upon the manner and method of operation.

On 7 August 1951, the Board of Commissioners of Dare County, after notice and hearing, revoked the license issued for breach of the terms of the license which incorporates the contract.

On 14 August 1951, plaintiff instituted this action to restrain the continued operation by the defendant of the game of Bingo. The facts as detailed in the complaint make it appear that defendant is unlawfully engaged in the operation of the game of Bingo for cash prizes without license and that he is conducting his place of business in such manner as to create a public nuisance. It is specifically alleged "That the defendant, by his manner and method of operating said game, and the use of a loudspeaker in connection therewith . . . is maintaining a common nuisance . . ." Plaintiff prays permanent injunctive relief.

When the cause came on for final hearing, the court, by its judgment, made permanent the temporary restraining order theretofore issued. Defendant excepted and appealed.

*Martin Kellogg, Jr., and J. Henry LeRoy for plaintiff appellee.*
*Worth & Horner and Forrest V. Dunstan for defendant appellant.*

BARNHILL, J. We need not now consider plaintiff's motion to strike defendant's purported case on appeal for the reason a fatal defect appears on the face of the record. *Lawrence v. Lawrence,* 226 N.C. 221, 37 S.E. 2d 496; *Bell v. Nivens,* 225 N.C. 35, 33 S.E. 2d 66; *S. v. Parnell,* 214 N.C. 467, 199 S.E. 601. In fact, it may be that the service of a case on appeal was not required. *Privette v. Allen,* 227 N.C. 164, 41 S.E. 2d 364.

If the plaintiff is seeking to abate a public nuisance—and the complaint may be so construed—it is without authority to maintain this action.

An action to abate a public nuisance by injunction or otherwise must be maintained in the name of the State, and our statute designates with particularity those who may become relators and prosecute the cause in

the name of the State.  G.S. 19-2.  See also G.S. 160-234, G.S. 130-25, and N. C. Const., Art. VII, sec. 2.  While the members of the Board of Commissioners may, as individuals, become relators, G.S. 19-2, they may not prosecute this action in the name of the County.

Ch. 940, Session Laws 1949, authorizes the playing of the game of Bingo in Dare County when the operator is duly licensed by the Board of Commissioners of Dare County.  However, the statute does not specifically authorize the operator to offer prizes of any type to the winners. And any contention that the Act may be so construed as to constitute an amendment, by implication, of our general statute prohibiting gambling, G.S. Ch. 14, Art. 37, would be of dubious merit.  Be that as it may, the plaintiff alleges that defendant's license to conduct the game of Bingo in Dare County has been duly revoked and that he continues his said business in the County without license and is offering cash prizes to the winners. Therefore, if upon these allegations, this cause be construed as an action to enjoin the violation of the criminal laws, it may not be maintained for the reason the plaintiff has an adequate remedy at law by indictment.

With certain limited exceptions "there is no equitable jurisdiction to enjoin the commission of a crime." *Hargett v. Bell,* 134 N.C. 394.  Ordinarily, injunctive relief is available only "where some private right is a subject of controversy." *Patterson v. Hubbs,* 65 N.C. 119; *Motor Service v. R. R.,* 210 N.C. 36, 104 A.L.R. 1165; 185 S.E. 479; *City of Fayetteville v. Distributing Co.,* 216 N.C. 596, 5 S.E. 2d 838; *Clinton v. Ross,* 226 N.C. 682, 40 S.E. 2d 593; *Railway Co. v. Raleigh,* 219 F. 573, affirmed 242 U.S. 15, 61 L. Ed. 121.

Upon the trial of defendant under an indictment, he may assert his affirmative defense, to wit: He was duly licensed to operate a place of business at which the game of Bingo was played and his license has not been lawfully revoked.  Thus the main issues the parties seek to present in this cause may there be fully heard and determined.

In so far as this is an action to abate a public nuisance by injunction, there is a fatal defect of party plaintiff, of which the Court must take notice *ex mero motu.*  Considered as an action to restrain the violation of the criminal law, the complaint fails to state a cause of action. *Hopkins v. Barnhardt,* 223 N.C. 617, 27 S.E. 2d 644.  In either event, it must be dismissed.  The cause is remanded with instruction that the court below enter judgment dismissing the action.

Remanded.