THE TOWN OF FUQUAY SPRINGS, A MUNICIPAL CORPORATION, V. W. I. ROWLAND, JUDGE OF THE FUQUAY SPRINGS RECORDER'S COURT, AND W. O. COUNCIL, CLERK OF THE FUQUAY SPRINGS RECORDER'S COURT.

(Filed 15 January, 1954.)

**1. Judges § 4—**

A judge of a court of this State is not subject to civil action for errors committed in the discharge of his official duties, and therefore an action under the Declaratory Judgment Act against a judge to determine the correctness of his adjudication as to what items should be included in a bill of costs in a criminal action will be dismissed, even *ex mero motu*, for failure to state a cause of action.

**2. Appeal and Error § 6c (1): Pleadings § 16—**

The failure of the complaint to state a cause of action is a defect upon the face of the record proper requiring dismissal in the Supreme Court *ex mero motu* in the absence of an assignment of error.

**3. Declaratory Judgment Act § 1—**

The failure of a clerk of a local court to collect and account for moneys rightfully belonging to a municipality because of alleged error in the taxing of costs in criminal prosecutions in his court may not be instituted under the Declaratory Judgment Act, since that statute does not vest in the Superior Court the general power to oversee, supervise, direct or instruct officials of inferior courts in the discharge of their official duties.

APPEALS by plaintiff and defendant Rowland from *Harris, J.,* October Term, 1953, WAKE.

Civil action purportedly instituted under the Declaratory Judgment Act, G.S. ch. 1, art. 26, to determine what items of cost should be included in the bill of cost in a criminal action tried in the Fuquay Springs Recorder's Court.

It is the duty of defendant W. O. Council as clerk of said court to tax the bill of cost in each and every criminal action tried in said court. "The fees charged in the bill of cost shall be the same as the fees allowed in courts of justices of the peace in Wake County, except there shall be charged, in lieu of the trial fee, a recorder's fee in such case of three dollars, and fee in each criminal case of five dollars for each defendant which fee shall be a prosecuting attorney's fee . . ." Sec. 17, ch. 280 P.L.L. 1917, as amended by sec. 6, ch. 496 P.L.L. 1929. The costs to be taxed by justices of the peace in Wake County are listed in ch. 866 S.L. 1951. Certain other fees are to be taxed as provided by law, to wit:

(1) Law Enforcement Officers' Benefit and Retirement Fund . . . $2.00.

(2) Wake County Officers' Pension Fund . . . $1.00.

(3) Arrest fee . . . $2.00.

(4) Jail fees of $1.50 per day, plus $1.00 turnkey fee.

(5) Jury fee, when applicable ... $18.00.

On or about 22 April 1953, defendant Rowland, as judge of said court, directed defendant Council, as clerk, not to tax in any bill of cost the arrest fee of $2.00 when the arrest was made by a salaried officer, or the $1.00 for uncontested judgment, or the $2.00 for contested judgment, on the theory the $3.00 recorder's fee "in lieu of the trial fee" allowed by law was a substitution of the judgment fees listed in the costs to be taxed by a magistrate.

Plaintiff, alleging that it "has a vital financial interest in said bills of cost in all cases tried in said court, as under the various acts regulating fees, certain items are paid over to said Town of Fuquay Springs to cover expenses of furnishing courtroom, heat, lights, water and a clerk for said court, and other clerical services and jail, and also costs of printing forms, *et cetera,*" instituted this action for judgment (1) adjudging that the items of cost set forth in paragraphs 7 and 8 of its complaint are the proper and legal costs to be assessed in criminal actions tried in said court, and (2) directing defendant Council as clerk to charge the same in each and every bill of cost in criminal actions tried in said court and collect and distribute same according to law.

Defendant Council, answering, admitted all the allegations of the complaint. Defendant Rowland first demurred to the complaint for that (1) the complaint does not state a cause of action for the reasons therein stated, (2) there is a misjoinder of parties, (3) the plaintiff is without capacity to sue the defendant in his official capacity, and (4) it is not made to appear that plaintiff has any interest in any particular item of cost listed by it. The demurrer was overruled.

Thereupon, said defendant filed answer in which he contests the right to tax certain fees contended for by plaintiff and pleads certain defenses and denies the right of plaintiff to maintain this action.

When the cause came on for hearing in the court below, the trial judge entered judgment listing the items of cost to be charged in bills of cost in said court, including both the fees for judgment allowed magistrates and the recorder's fee of $3.00; adjudging that the prosecuting attorney's fee of $5.00 should not be taxed in a case where the defendant pleads guilty or *nolo contendere* or where the the offense charged is within the jurisdiction of a justice of the peace; and "authorizing" defendant Council as clerk to follow the schedule of fees set forth in the judgment in preparing bills of cost in criminal cases tried in said court. Both plaintiff and defendant Rowland excepted and appealed.

*Mordecai & Mills for plaintiff appellant.*
*Wm. B. Oliver for defendant appellant Rowland.*

BARNHILL, J.   Defendant Rowland fails to assign as error the order overruling his demurrer or to bring the exception forward and discuss the same in his brief.   Even so, in the light of our conclusion herein, this is immaterial.

A judge of a court of this State is not subject to civil action for errors committed in the discharge of his official duties.   Consequently no cause of action is stated against defendant Rowland, and as to him the action is dismissed *ex mero motu.*

"When . . . the complaint fails to state a cause of action, that is a defect upon the face of the record proper, of which the Supreme Court on appeal will take notice, and when such defects appear the Court will *ex mero motu* dismiss the action." *Denny, J.,* in *Hopkins v. Barnhardt,* 223 N.C. 617, 27 S.E. 2d 644, and cases cited; *S. v. Ivey,* 230 N.C. 172, 52 S.E. 2d 346; *Dare County v. Mater,* 235 N.C. 179, 69 S.E. 2d 244; *Aiken v. Sanderford,* 236 N.C. 760, 73 S.E. 2d 911.

While we concede that the Declaratory Judgment Act, G.S. ch. 1, art. 26, is comprehensive in scope and purpose, it does not, and was not intended to, embrace an action such as this.   We cannot perceive that the Legislature, in enacting that statute, intended to vest in the Superior Courts of the State the general power to oversee, supervise, direct, or instruct officials of inferior courts in the discharge of their official duties.

The defendant Council did not appeal.   Even so, he is an official of the court.   If he fails to collect and account for moneys rightfully belonging to plaintiff, or taxes items of cost which should not be taxed, or fails to tax items which should be taxed, the law provides an adequate and expeditious remedy in behalf of those who have the right to raise the issue in any of these particulars.

Under the circumstances it is unnecessary for us to discuss errors in the judgment in respect to certain items of cost.

The appeals are dismissed and the cause is remanded with direction that it be dismissed from the docket.

Appeals dismissed.