CALDLAW, INC., A NORTH CAROLINA CORPORATION, BY S. W. HINSON, T/A CHARLOTTE HEATING & AIR CONDITIONING COMPANY v. HAROLD J. CALDWELL.

(Filed 16 April, 1958)

**1. Actions § 8—**

> An action for breach of duty imposed by law arising upon a given state of facts is *ex delicto* and in tort and not *ex contractu* for a debt.

**2. Corporations § 12—**

> A judgment creditor of a corporation whose judgment is unsatisfied may bring suit in the name of the corporation only for the purpose of collecting a debt due the corporation, G.S. 55-143, and an unliquidated claim against an officer of the corporation to recover damages for tortious breach of trust by such officer in his dealings with the corporation arises *ex delicto* and is an action in tort, and the statute does not authorize a judgment creditor to maintain such suit in the name of the corporation against such officer.

**3. Appeal and Error § 2—**

    Where it appears on the face of the record proper that the complaint
    fails to state a cause of action, the Supreme Court will take cognizance
    of such defect *ex mero motu* and dismiss the action.

APPEAL by plaintiff from *Pless, J.,* October 21, 1957 A Civil Term, MECKLENBURG SUPERIOR COURT.

Civil action instituted on January 26, 1956, in the name of Caldlaw, Inc., (a corporation) by Charlotte Heating & Air Conditioning Company, (a proprietorship) under the provisions of G.S. 55-143. At the time the action was brought the proprietorship had an unsatisfied judgment against the corporation whose charter had been suspended for failure to file reports with the Commissioner of Revenue. The sheriff was unable to find assets of the corporation sufficient to satisfy an execution on the judgment.

As a basis for the action, the judgment creditor alleged the defendant was vice president and one of the directors of the corporation and that he had dealt with the corporation and had used its credit and assets in completing the purchase of an airplane, having title thereto transferred from himself to the corporation, and upon completion of the sale, had the corporation transfer title to the ultimate purchaser to whom he sold at a profit. The corporation sustained no loss but the appellant contends it should have had all, or at least a part of the profits on the transaction. Paragraph 14 of the complaint alleged:

> "14. The defendant Harold J. Caldwell, by the acts hereinbefore alleged, violated his duty to the plaintiff corporation as its Vice President in that he effected a profit of $14,448.40 through the use of the corporation and its assets, and caused no part of the same to accrue to the benefit of the corporation, but instead caused all of said profit to accrue to his own use and benefit."

The plaintiff asked for judgment against the defendant for the amount of profit realized in the purchase and sale of the airplane; that the judgment in favor of the proprietorship be satisfied and a receiver be appointed for the corporation to administer the excess of such recovery.

The defendant, by answer, admitted that he was vice president and director of the corporation at the time of the purchase and sale of the airplane; that he transferred title to the corporation for its benefit with the consent and approval of all directors for the purpose of enhancing the corporation's credit, and that in doing so he acted in good faith. He especially denied any breach of trust or the use of the corporation's name or any of its funds for his own benefit. The defendant

moved for nonsuit at the close of the plaintiff's evidence, and renewed the motion at the close of all the evidence. The motion was denied.

Among the issues submitted to and answered by the jury was the following:

"4. Did the defendant, in violation of his fiduciary duty as an officer of Caldlaw, Inc., take and appropriate to his own use a profit realized from the purchase and resale of said aircraft? "Answer:   No."

The jury having answered Issue No. 4 in favor of the defendant, the judgment was entered therein that the plaintiff recover nothing. From the judgment comes this appeal.

*Robinson, Jones & Hewson, for plaintiff, appellant*
*Porter B. Byrum, for defendant, appellee.*

HIGGINS, J.   At the threshold of this case we are confronted with the question whether a judgment creditor can maintain an action in the name of the judgment debtor corporation against one of its officers upon the ground that he committed a breach of trust in the use of corporate credit and assets for his own private gain. The plaintiff states in his brief: "This is not a creditor's bill but is brought under G.S. 55-143 in effect at the time of the transaction . . . to collect debts owed the corporation by a third person."

Assuming the appellant's allegations are true, and that the evidence is sufficient to establish them, the defendant's obligation to the corporation is *ex delicto,* in tort. It arises, if at all, by operation of law because of the fiduciary relationship of the parties. Is an undetermined, unlitigated cause of action for breach of trust a debt within the meaning of G.S. 55-143? " . . . he (sheriff) or the judgment creditor may elect to satisfy such execution . . . *out of any debts due the corporation;* and it is the duty of any agent or person having custody *of any evidence of such debt* to deliver it to the officer, . . . *with a transfer to the officer in writing,* . . . and notice to the debtor, shall be *a valid assignment thereof, . . .*" (emphasis added)

"Ordinarily, the term 'debt' does not include the obligation arising on account of a tort committed, although the term has been construed in certain connections as including a claim based on tort; and it has been held that when a claim in tort is reduced to, or liquidated by, a judgment it becomes fixed and certain, and is as much a debt as if it had been recovered on a promise. On the other hand, in some jurisdictions, the courts have made a distinction between liability *ex contractu* and liability *ex delicto,* or in tort, and have held that a claim arising from a wrong, or *ex delicto,* is not a debt even when it

has been reduced to judgment, the question depending largely upon the context in which the word is used." 26 C.J.S. 6.

An action based on a claim for unliquidated damages, until reduced to judgment liquidating the amount of the claim, is not a debt under this section (G.S. 28-61). *Suskin v. Maryland Trust Co.,* 214 N.C. 347, 199 S.E. 276.

In a stockholder's derivative suit to recover from the directors and officers the damages which they caused a corporation to suffer by unlawfully distributing a portion of the corporation's profits under a by-law alleged to be illegal, the action for unliquidated damages was not a debt within this section. *Healey v. Reynolds Tobacco Co.,* 48 F. Supp. 207.

"A debt is something due from one person, the debtor, to another called the creditor, and may be created by simple contract or evidenced by specialty or judgment according to the nature of the obligation giving rise to it." *Silk Co. v. Spinning Co.,* 154 N.C. 422, 70 S.E. 820.

"While breach of a duty imposed by statute or by express contract is *ex contractu,* the breach of duty imposed by law arising upon a given state of facts is a tort. *Hodges v. R.R.,* 105 N.C. 170. An action for damages for breach of duty in the latter case is an action for tort. *Bond v. Hilton,* 44 N.C. 308; *Williamson v. Dickens,* 27 N.C. 259." *Solomon v. Bates,* 118 N.C. 311, 24 S.E. 478.

Careful examination of G.S. 55-143 discloses the term "debts" is used in a restricted sense. Any agent or person *having custody* must deliver *any evidence of such debt* to the officer with a transfer to the officer in writing and notice to the creditor shall be *a valid assignment thereof.* Nothing in the statute gives authority to a creditor to maintain an action in the name of the corporation for the recovery of damages for tortious breach of trust by officers in their dealings with the corporation. If one creditor can maintain such an action, so can another, and one suit would not terminate or settle the full liability. A single creditor's interest would extend no further than the recovery of a sufficient amount to satisfy his judgment. The law provides a different method of settling the corporation's differences with its officers resulting from a breach of trust. Hence the complaint shows on its face that in no view of the case can the plaintiff maintain this action.

"When . . . the complaint fails to state a cause of action, that is a defect upon the face of the record proper, of which the Supreme Court on appeal will take notice, and when such defects appear the court will *ex mero motu* dismiss the action." *Fuquay Springs v. Rowland,* 239 N.C. 299, 79 S.E. 2d 774; *Aiken v. Sanderford,* 236 N.C. 760, 73 S.E. 2d 911; *Dare County v. Mater,* 235 N.C. 179, 69 S.E. 2d 244; *Hopkins v. Barnhardt,* 223 N.C. 617, 27 S.E. 2d 644.

"We have repeatedly held that where a complaint states no cause

of action such a defect is not waived by answering. The defendant may demur *ore tenus*, and, furthermore, this Court may take notice *ex mero motu* of the insufficiency of the complaint in this respect. If the cause of action, as stated by the plaintiff, is inherently bad, why permit him to proceed further in the case, for if he proves everything that he alleges he must eventually fail in the action. *Garrison v. Williams*, 150 N.C. 674, 64 S.E. 783; *Watson v. Lee County*, 224 N.C. 508, 31 S.E. 2d 535; *Aiken v. Sanderford*, 236 N.C. 760, 73 S.E. 2d 911, where the cases are cited." *Ice Cream Co. v. Ice Cream Co.*, 238 N.C. 317, 77 S.E. 2d 910.

This disposition makes it unnecessary to consider any other questions raised by the appeal. S. W. Hinson, t/a Charlotte Heating & Air Conditioning Co., will pay the costs of this appeal.

Action Dismissed.