W. I. SKINNER v. EMPRESA TRANSFORMADORA DE PRODUCTOS AGROPECUARIOS, S. A., DEFENDANT
AND
W. I. SKINNER AND COMPANY, INC., GARNISHEE.

(Filed 6 April, 1960.)

**1. Parties § 2—**

An action must be prosecuted in the name of the real party in interest. G.S. 1-57.

**2. Contracts § 24—**

In an action on a contract instituted by an individual, allegations that, although the contract was made in the name of plaintiff, the negotiations leading to the contract were carried on by a named corporation, that the contract was for the benefit of the corporation, and that plaintiff had assigned his interest in the contract to the corporation, without allegation that plaintiff was bringing the action as trustee for the corporation nor facts from which a trusteeship may be inferred, disclose that plaintiff is not the real party in interest and that he is without any right to maintain the action.

**3. Appeal and Error § 2—**

The failure of the complaint to state a cause of action in favor of plaintiff is a defect appearing on the face of the record of which the Supreme Court will take notice *ex mero motu*.

APPEAL by defendant Empresa Transformadora de Productos Agropecuarios, S. A., from *Paul, J.*, November, 1959 Term, MARTIN Superior Court.

Civil action instituted on June 17, 1959, by the plaintiff, a resident of Martin County, North Carolina, against the defendant, a foreign corporation, an agency of the Government of Cuba. In the action the plaintiff seeks to recover $63,400 ($53,400 actual and $10,000 punitive) damages for breach of contract. The plaintiff sought to obtain jurisdiction of the defendant by attaching a debt of $47,796.19 due to the defendant by W. I. Skinner and Company, Inc., a Delaware corporation domesticated and doing business in North Carolina. Pursuant to summons and order of attachment duly served on it, W. I. Skinner and Company was brought in as garnishee and filed answer. Whereupon the plaintiff served, or attempted to serve, process on Transformadora by publication.

The plaintiff, in substance, alleged that in 1958 the Cuban Government, planning to expand its leaf tobacco business, invited W. I. Skinner and Company to send a representative to Cuba to supervise and construct a re-drying plant and to aid and advise in the production, processing and marketing of its tobacco products. As a result of protracted negotiations an agreement was entered into by "W. I. Skinner, in his own right, and . . . Antonio Gonzales Lopez, in his character of president and in the name and representing 'Empresa Transformadora de Productos Agropecuarios, S. A.' "

The duties and obligations of each party to the contract were detailed in the written instrument dated April 21, 1958. The contract was made a part of the plaintiff's complaint. Also made a part of the complaint was a letter dated the following day, April 22, 1958, in which W. I. Skinner reported to W. I. Skinner and Company the execution of the contract. "I will bring the contract when I come home but I can say that the features of it are substantially the same as those contained in letters and cables exchanged . . . I was more or less forced to sign as an individual. I reluctantly did so to avoid any further unpleasantness . . . I pointed out that everything having to do with the program so far was done by us in the name of W. I. Skinner and Company, Inc., and that we thought they understood that the contract would be in our company's name. . . . That was true, they said, but the Transformadora board preferred to deal with an individual rather than a company because a company . . . might not like the deal and send some incompetent . . . I want everyone in our company to understand that even though the contract is in my name it actually belongs to the Skinner Company, and I lay no claim to any part of its proceeds . . . So by means of this letter I hereby assign to W. I. Skinner and Company, Inc., any income resulting from the contract that I have signed as an individual with Transformadora.

. . . I am going to request that all checks be made to W. I. Skinner and Company but if they do not, I will endorse them over."

Subsequent to the execution of the contract the defendant Transformadora shipped tobacco on consignment to W. I. Skinner and Company to be sold on commission. Sales were made and W. I. Skinner and Company became and is now indebted to Transformadora in the sum of $47,796.19.

Transformadora instituted a civil action in the United States Court for the District of Delaware against W. I. Skinner and Company for recovery of the amount claimed to be due. The W. I. Skinner Company filed an answer, admitted its indebtedness, but asserted the funds were being held under the writ of attachment issued in the W. I. Skinner case pending in the Superior Court of Martin County. The W. I. Skinner and Company set up a counterclaim in the United States Court for the $63,400 — the identical claim which is the basis of the W. I. Skinner individual action. On motion of W. I. Skinner and Company, the Delaware action has been removed to and is now pending in the United States Court for the Eastern District of North Carolina. The pleadings in the Federal Court action, by amendment, were made a part of the affidavit for service by publication.

Transformadora entered a special appearance in the W. I. Skinner action in Martin County and moved to dismiss on the ground the court does not have and has not acquired jurisdiction over the person or property of the defendant Transformadora. After hearing, Judge Paul entered an order denying the motion to dismiss. To that order the defendant excepted and from it appealed.

*John H. Hall, Gerald F. White for defendant, appellant.*

*Battle, Winslow, Merrell, Scott & Wiley, By: Francis E. Winslow, Robert M. Wiley for plaintiff, appellee.*

Higgins, J. At the threshold of this case we are confronted with the question of law whether, in his complaint, the plaintiff, W. I. Skinner, has alleged a cause of action against Transformadora. It is fundamental that the real party in interest must prosecute the action. G.S. 1-57; *Sanitary District v. Lenoir*, 249 N.C. 96, 105 S.E. 2d 411; *Cotton Mills v. Duplan Corp.*, 246 N.C. 88, 97 S.E. 2d 449; *Watson v. Lee County*, 224 N.C. 508, 31 S.E. 2d 535; *Snipes v. Monds*, 190 N.C. 190, 129 S.E. 413; *Elam v. Barnes*, 110 N.C. 73, 14 S.E. 621. W. I. Skinner alleges the negotiations leading to the contract were carried on by the corporation; that the contract, though made in his name, was for the benefit of the corporation. In order to avoid any misun-

derstanding, he assigned his interest in the contract to the corporation.

After repeated allegations that W. I. Skinner and Company is the real party in interest, and never conceding otherwise, the plaintiff amended paragraph seven of his complaint to read: "It was well understood throughout the negotiations, and the understanding was followed through in operations under the contract . . . that the Cuban Government was to have the benefit of the personnel and facilities and the good name and credit in the trade of the Skinner Company, and that W. I. Skinner signed the contract as an individual to fix responsibility on him personally, but also as agent for the Skinner Company . . . On April 22, 1958, the plaintiff wrote a letter to this effect to the Skinner Company, a copy of which is hereto attached and marked Exhibit B. The Skinner Company is a real party in interest in the contract, but this the defendant denies. Therefore, plaintiff brings this action in his own name for the use and benefit of the Skinner Company."

In paragraph 13 of the complaint the plaintiff alleges the breach of the contract by the defendant "was willful, wanton and malicious, and that it is entitled to punitive damages in the sum of $10,000."

"14. That plaintiff and the Skinner Company have been damaged by defendant's breach of contract in compensatory damages in the sum of $53,400 as detailed in Exhibit C, attached and made a part hereof."

Exhibit B, which is a part of the complaint, contains the statement: "Even though the contract is in my name it actually belongs to the Skinner Company . . . I hereby assign to W. I. Skinner and Company, Inc., any income resulting from the contract."

The plaintiff's allegations, therefore, if true, state a cause of action in favor of W. I. Skinner and Company. They fail to show a cause of action in the plaintiff. Likewise they fail to show any right in him to maintain this action either for himself, for the W. I. Skinner and Company, or for both. He alleges neither that he is a trustee for W. I. Skinner and Company nor facts from which a trusteeship may be inferred as a matter of law. *Chapman v. McLawhorn*, 150 N.C. 166, 63 S.E. 721. He does not allege he and the corporation own the cause of action in partnership. Even if this were true, he could not maintain the action. One party may not proceed in his own name upon a partnership claim. *Godwin v. Vinson*, 251 N.C. 326, 111 S.E. 2d 721.

Finally, if the plaintiff offered plenary evidence of all he alleges, the effect would be to prove himself out of court. His cause of action is defective according to his own allegations. "When . . . the complaint fails to state a cause of action, that is a defect upon the face

of the record proper, of which the Supreme Court on appeal will take notice, and when such defects appear the Court will *ex mero motu* dismiss the action." *Fuquay Springs v. Rowland,* 239 N.C. 299, 79 S.E. 2d 774; *Woody v. Pickelsimer,* 248 N.C. 599, 104 S.E. 2d 273; *In re Davis,* 248 N.C. 423, 103 S.E. 2d 503; *Caldlaw, Inc. v. Caldwell,* 248 N.C. 235, 102 S.E. 2d 829; *Ice Cream Co. v. Ice Cream Co.,* 238 N.C. 317, 77 S.E. 2d 910; *Aiken v. Sanderford,* 236 N.C. 760, 73 S.E. 2d 911; *Dare County v. Mater,* 235 N.C. 179, 69 S.E. 2d 244; *Hopkins v. Barnhardt,* 223 N.C. 617, 27 S.E. 2d 644; *Henderson County v. Smyth,* 216 N.C. 421, 5 S.E. 2d 136.

The foregoing authorities and the reasons heretofore assigned require that the action be dismissed for failure of the complaint to state a cause of action.

Reversed.