Nash,'J. .
 

 In this decision, we are of opinion his Honor erred. 'By the common law, when a
 
 tort
 
 to real property was not immediately inj urious, but was consequentially only, an action on the case was the proper remedy; and when the act, complained óf constituted a nuisance, the action might be brought for every fresh continuance of the nuisance.
 
 Penruddock’s
 
 case, 5
 
 Rep.
 
 101. As the action was usually brought to abate the nuisance, the damages in the first recovery were often, merely nominal. If other suits became necessary through the obstinacy of the defendant, fresh actions were brought, until at length the defendant found it to be his interest, to submit to the law and abate the nuisance. Every man is bound so to use his own, as not to injure his neighbour, and it never has been doubted that the overflowing of a neighbour’^ land gives to him a right of action on the case, in the first instance. This continued to be the law of this State up to the year 1800, when the act was passed, under which these proceedings took place. The main object of the act, as declared by the Court in
 
 Dillett and Jones,
 
 1
 
 Dev.
 
 &
 
 Bat.
 
 343, is to protect the owners of mills from the harassing and injurious effects of the principles of the common law, with respect to the continuance of a nuisance. . However small in value that injury might be, the party injured was at liberty to renew his action until he attained his object. In regard to public mills, which are considered valuable to the community at large,
 
 *22
 
 the principle is altered. The party injured has no right to his common law remedy, unless the annual injury he sustains is to the amount of $20, and it has directed in what manner the injury shall be ascertained. The common law remedy, therefore, is not abolished in such cases, it is but suspended. Iiis Honor decided the plain-' tiif could not sustain his petition, because the injury complained of was committed in the life time of the testator. If this be so, then injury of this kind can be redressed only by the person sustaining it. The heirs cannot complain of damages done to the estate before it became theirs. Suppose the action had been brought by the testator himself, and had continued in Court several years, so that the injury had amounted to a destruction of the property: as by destroying a valuable meadow for instance, thereby depriving the plaintiff of its entire use,' and the plaintiff had died a short time before the trial; according to the opinion of the Court below, the cause would abate, as it could not be revived by the executor. For if the action cannot in the first instance be brought by him, neither will it survive to him when already commenced, We do not agree with his Honor. At common law, all personal actions to recover damages for injuries to property, real, or personal, or to the person, died with the person inflicting or sustaining the injury, and so the law is still, as to the last; but as to the two former, it has long been altered by Statutes in England and in this State. Thus the three statutes of the 4th, 25th, and 31st of
 
 Edward the third
 
 — give to executors and administrators, and the executors of
 
 executors,
 
 the same remedies for injuries to the personal estate of the testator or intestate committed in his life time, as the deceased himself might have had; and the statute the 3rd and 4th,
 
 William, the third,
 
 chapter 42, extends the like remedy to his representative, when the injury has been done to land. All these statutes are in force in this State, and are embodied in the 37th sec. of
 
 *23
 
 tbe 46th ch. of the
 
 Revised Statutes.
 
 The language of the act is, that executors and administrators shall have actions, in like manner as the testator or intestate might have had, for goods taken, &c. and for injuries done to the property of said testator or intestate, either real or personal, when such injury-was sustained in the life time of such testator or intestate,” &e. It is not denied but that the testator, Howcott, could have filed his petition, in like manner as the plaintiff, his executor, has. Another reason assigned in the ease, why the plaintiff cannot maintain his plaint is, that the object of the act, was the protection of the owners of mills, and that when the injury is past, as in this ease, no such protection is necessary, and the act does not apply. If the case is not provided for by the act, the common law remedy remains in full force, and if the plaintiff is not driven to this preliminary enquiry, he can immediately, as we have shewn, bring his action on the case. So that the protection of the owner is entirely removed, because the protection meant, must be from the action at law. In
 
 Gillett
 
 v.
 
 Jones,
 
 and several previous cases, it was held, upon the policy of the act, that it embraced all cases for injuries from mills; and that has been since modified, only so far as it is declared in
 
 Waddy
 
 v.
 
 Johnson,
 
 5 Ired. 333, that it does not apply to an injury to health only, where there is no overflowing of the plaintiff’s land. With that exception, the action at common law, is superseded by this remedy ; and, we hold, that it will lie, wherever the action on the .case would, for which it is substituted. We are of opinion that there was error in dimissing the petition.
 

 Per Cueiam. Judgment reversed,