*61
 
 Ruffin, J.
 

 It was admitted, by the■ counsel, for the defendant, that if an action had been brought against the testator, in this case, it might have been revived and presented against the executor. But it was contended that it could not be brought originally against the executor. The distinction is taken on the terms used in the acts of 1799 and 1805, and those prior, which are confined to the “ revival” of actions for tort and preventing them from “ abating,” and do not give “ actions” against executors or administrators. There is that peculiarity in the phraseology of all the older statutes on this subject. But from the passage of those acts of 1799, and 1805, actions for torts by a testator, which did damage to property, have been brought against executors, as well as those brought against the testator revived, upon his death, against the executor. The acts are for the amendment of the law, and received, therefore, a liberal construction ; and, as there is the same reason for giving the action, as for reviving it against the executor, it was, in practice, extended to the former, upon the equity of the acts. Many such actions were brought against executors and their propriety never questioned. In the course of time, however, the objection was raised in a few casesi But they all received decisions favorable to the rights of the plaintiffs as in
 
 Arnold
 
 v. Lanier, 1 Law Repos. 529, and in
 
 Howcott
 
 v.
 
 Warren,
 
 7 Ire. 20, and
 
 Howcott
 
 v.
 
 Coffield,
 
 7 Ire. 24. In the two last cases it was held, that for damages done to land by overflowing with a mill-pond, a petition, under the statute, would lie both for and against executors, while it had been held also, in
 
 Wilson
 
 v.
 
 Myers,
 
 4 Hawks’ 73, that the nature of the injury, in such a case is not altered by the act giving the remedy by petition, but it still remained a tort. Those adjudications would seem sufficient to settle the construction of those acts, to say nothing of the long practice prevailing in the profession. But in
 
 Rippey
 
 v.
 
 Miller,
 
 11 Ire. 247, it was decided that in an action of trespass against an executor for injury' done to real estate by the testator, it would survive as to the damages for the loss, but not as to vindictive damages. If, therefore, this question depended up
 
 *62
 
 on the statutes before mentioned, the Court would be obliged to sustain it. All possible doubt is, however, now removed by law as expressed in the last revisal of 1854, in which it is enacted that executors and administrators shall have
 
 actions
 
 in like manner as the testator or intestate might have had against any person,
 
 his executors' and admi/nist/rators
 
 in all cases, except where such actions
 
 being
 
 commenced,
 
 are not allowed by statute to be revived
 
 on the death of a party. So, the law is plain, that whenever an action can be revived against an executor, it may be brought against him, and the judgment of nonsuit must be reversed, and judgment rendered for the plaintiff on the verdict.
 

 Per Curiam, Judgment reversed.