WILLIAM M. SHIELDS and others by their Guardian *v.* JOHN T. LAWRENCE, collector of MARGARET W DAVIS.

Where, in an action to recover damages in the nature of waste the defendant, a tenant for life, dies pending such action, it is not error in the Court below, to allow the personal representative of such defendant to be made a party.   Further, the Court may in its discretion, allow the plaintiff to amend his complaint, and declare for actual damages.

No action shall abate by the death of a party, if the cause of action survive or continue.

(*Butner* v. *Kehln*, 6 Jones, 60; *Ripley* v. *Miller*, 11 Ired. 247; *Collier* v. *Arrington*, Phill. 356; *Peebles* v. *N. C. Railroad Co.*, 63 N. C. Rep. 238; *Shaler* v. *Millsaps*, 71 N C. Rep 297 cited and approved; and *Brown* v. *Blick*, 3 Murp, 511, cited and distinguished from this.)

CIVIL ACTION for damages, tried before *Henry, J.,* at December (Special) Term, 1874, HALIFAX Superior Court.

This was an action, in the nature of an action for waste, commenced by the plaintiffs against the testator of the defendants.

It is unnecessary to state the alleged acts of waste, as they are not necessary to an understanding of the case as decided in this Court.

The action was commenced at Spring Term, 1871, and the original defendant, Margaret W. Davis, died in the month of May, 1873, and at the June Term of the Court, John P. Lawrence was appointed her collector.   At the Spring Term, 1873, the death of Margaret W. Davis was suggested on the record, and it was ordered that citation issue to make her personal representative a party to the suit.

The present defendant appeared in obedience to said citation and entered the following plea, to wit:   That he insists that said action abated by the death of the defendant, Margaret W. Davis, and in law cannot farther be prosecuted.

The case came on to be heard and his Honor, upon motion, allowed the plaintiffs to amend their complaint by declaring for

actual damages only. The defendant insisted that the Court should adjudge that the action was abated. The Court refused so to rule, and the defendant appealed.

*Moore & Gatling* and *Clark & Mullen,* for appellant.
*T. N. Hill, Batchelor* and *Conigland,* contra.

SETTLE, J. This is an action brought under the provisions of the C. C. P., section 383, *et seq.,* by a remainderman against the tenant for life, in which the plaintiffs demand :

1. A forfeiture of the estate of the defendant ;

2. Damages for the waste committed.

During the pendency of the action, the tenant for life died, and her personal representative having been brought in by citation, entered the following plea, to wit : "He insists that the said action abated by the death of the defendant, Margaret W. Davis, and in law cannot be farther prosecuted."

The plaintiffs moved for and obtained leave of the Court to amend their complaint by declaring for actual damages only.

The defendant resisted this motion, contending that there was but one course open to the Court, and that was to enter a judgment that the action had abated. The Court ruled otherwise, and the defendant appealed.

We do not see that any amendment of the complaint was necessary to the maintenance of the action, but certainly the amendment which was made did not in any manner prejudice the right of the defendant.

An action for wrongs in the nature of waste is not necessarily an action "for penalties," or "for damages merely vindictive ;" on the contrary, the action is generally used to recover actual and substantial damages. And that an action survives when such is its purpose, either to or against the personal representative, is too well established by the decisions of this Court to require a further discussion of the subject. *Butner* v. *Kehln,* 6 Jones, 60 ; *Ripley* v. *Miller,* 11 Ired., 247 ; *Collier*

v. *Arrington*, Phil. 356; *Peebles* v. *N. C. R. R. Co.*, 63 N. C. Rep., 238; *Shaler* v. *Millsaps*, 71 N. C. Rep., 217.

The defendant's counsel relied upon the authority of *Brown* v. *Blick*, 3 Murph, 511, to show that the action of waste, being founded on a highly penal statute, did not survive. In that case the Court held that as the acts of 1799 and 1805 enumerated certain actions which should survive and omitted to name the action of waste, it necessarily abated, under the operation of the maxim, *expressio unius exclusio alterius*. But that decision, turning as it did upon the form of the action, can have no application to the case at bar, for the old technical action of waste is now abolished, and wrongs heretofore remediable by actions of waste, are subjects of action as other wrongs. Bat. Rev., chap. 17, sec. 383, *et seq.*

And *no action* shall abate by the death of a party if the cause of action survive or continue. In case of death, except in suits for penalties and for damages merely vindictive, the Court, on motion, may allow the action to be continued by or against the personal representative of the deceased. Bat. Rev., chap. 17, sec. 64; also chap. 45, secs. 113 and 114. Our conclusion is, that this action does survive as to actual damages, but not as to vindictive damages.

The judgment of the Superior Court is affirmed. Let this be certified, &c.

PER CURIAM.                                   Judgment affirmed.