JOHN C. McINTYRE, Trading as TEXTILE MOTOR FREIGHT, v. R. C. JOSEY, Collector of the Estate of MAURICE ABRAMS, Deceased.

(Filed 16 December, 1953.)

**1. Abatement and Revival § 10—**

Under the provisions of G.S. 28-172 all causes of action survive the death of the person in whose favor or against whom they have accrued, except the causes of action specified in G.S. 28-175.

**2. Abatement and Revival § 12—**

A cause of action for tortious injury to personal property survives the death of either party.

**3. Executors and Administrators § 19—**

The collector of the estate of a deceased tort-feasor may be sued in his representative capacity for an injury to personal property caused by the wrongful act of the tort-feasor. G.S. 28-172, G.S. 28-25, G.S. 28-27.

APPEAL by defendant from *Rousseau, J.,* in Chambers at Rockingham, North Carolina, on 16 March, 1953, in action pending in the Superior Court of SCOTLAND County.

Civil action by plaintiff to recover damages against the collector of the estate of a deceased person for an injury to plaintiff's personal property allegedly caused by the actionable negligence of the deceased.

The complaint alleges in detail that on 21 August, 1952, a southbound tractor-trailer combination owned by the plaintiff John C. McIntyre, trading as Textile Motor Freight, and a northbound automobile operated by Maurice Abrams collided upon a public highway in Halifax County, North Carolina, causing damage totaling $7,500.00 to the tractor-trailer combination and its cargo; that the collision and the resultant damage to the plaintiff's property were occasioned by the actionable negligence of Abrams in the operation of his automobile; that Abrams died in Halifax County, North Carolina, on 21 August, 1952; that letters of collection on the estate of Abrams were issued to the defendant R. C. Josey by the Clerk of the Superior Court of Halifax County on 23 September, 1952; and that the defendant thereupon qualified as collector of the estate of Abrams, and is still serving in that capacity. The complaint prays that the plaintiff be awarded a money judgment totaling $7,500.00 against the defendant in his representative capacity as collector of the estate of Abrams.

The defendant demurred to the complaint in writing upon the theory that it does not state facts sufficient to constitute a cause of action. This is the rationale of the demurrer: G.S. 28-25 authorizes a collector to collect and preserve the property of the decedent, and G.S. 28-27 provides that "he may commence and maintain or defend suits . . . for these

purposes." These statutes plainly imply that the law does not permit a collector to be sued in his representative capacity in any action, unless it is an action calculated to collect and preserve the property of the decedent. The plaintiff undertakes to sue the defendant in the instant case in his representative capacity as the collector of the estate of Abrams. "The complaint shows on its face that . . . the instant case . . . has not been instituted for the collection and preservation of the property of the decedent, but (has been brought) for the recovery (from the estate of the decedent) of an unliquidated demand growing out of an alleged tort committed by him before his death." As a consequence, the defendant is not legally capable of being sued in this action in his capacity as collector, and the complaint states no cause of action in favor of the plaintiff against him in that capacity.

Judge Rousseau entered a judgment overruling the demurrer, and the defendant appealed, assigning that ruling as error.

*James W. Mason for plaintiff, appellee.*
*A. J. Fletcher, F. T. Dupree, Jr., and G. Earl Weaver for defendant, appellant.*

ERVIN, J. The appeal presents this question for decision: Can the collector of the estate of a deceased tort-feasor be sued in his representative capacity for an injury to personal property caused by the wrongful act of the tort-feasor?

The answer to this question is to be found in G.S. 28-172 rather than in the statutes invoked by the defendant.

G.S. 28-172 was originally enacted as Section 63 of Chapter 113 of the Public Laws of 1868-69. It is couched in these words: "Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, except as hereinafter provided, shall survive to and against the executor, administrator or collector of his estate."

This statute clearly manifests this twofold legislative purpose: (1) To declare what causes of action survive the death of the person in whose favor or against whom they have accrued; and (2) to designate the persons who may sue or be sued upon such surviving causes of action.

The Legislature employs language of broad signification to describe the causes of action which survive. It declares in express terms that "all demands whatsoever, and rights to prosecute or defend any action or special proceeding . . ., except as hereinafter provided, shall survive" the death of the person in whose favor or against whom they have accrued. The exceptive phrase "except as hereinafter provided" refers to G.S. 28-175, which was originally enacted as Section 64 of Chapter 113 of

McIntyre v. Josey.

the Public Laws of 1868-69, and which provides that "the following rights of action do not survive: (1) Causes of action for libel and for slander, except slander of title. (2) Causes of action for false imprisonment and assault and battery. (3) Causes where the relief sought could not be enjoyed, or granting it would be nugatory, after death."

It appears, therefore, that under G.S. 28-172 all causes of action survive the death of the person in whose favor or against whom they have accrued, except the causes of action specified in G.S. 28-175. *Suskin v. Trust Co.,* 214 N.C. 347, 199 S.E. 276; McIntosh on North Carolina Practice and Procedure in Civil Cases, section 266.

Since it is not one of the causes of action enumerated in G.S. 28-175, a cause of action for a tortious injury to personal property survives the death of either party. 1 C.J.S., Abatement and Revival, section 140. See, also, in this connection: *Butner v. Keelhn,* 51 N.C. 60; *Howcott v. Warren,* 29 N.C. 20; *Molton v. Miller,* 10 N.C. 490; *Browne v. Blick,* 7 N.C. 511; *Cutlar v. Brown,* 3 N.C. 182; *M'Alister v. Spiller,* 1 N.C. 314.

We return at this point to the specific question whether the collector of the estate of a deceased tort-feasor can be sued in his representative capacity upon a cause of action of this nature. We are compelled to answer this question in the affirmative. If we should do otherwise, we would fly in the face of the positive declaration of G.S. 28-172 that when a cause of action survives the death of the person in whose favor or against whom it has accrued, it survives "to and against the executor, administrator or *collector* of his estate."

The exact question under consideration arose in the case of *Shields v. Lawrence,* 72 N.C. 43, where remaindermen sued a life tenant to recover damages for an injury to land in the nature of waste, and the life tenant died pending the action. The Court made these adjudications: (1) That the cause of action survived against the collector of the estate of the deceased life tenant under the statutes now codified as G.S. 28-172 and G.S. 28-175, which were then incorporated in Sections 113 and 114 of Chapter 45 of Battle's Revisal; and (2) that the action could be continued against the collector of the estate of the deceased life tenant under the statute now embodied in G.S. 1-74, which was then incorporated in Section 64 of Chapter 17 of Battle's Revisal, because such statute provided that "no action abates by the death . . . of a party . . . if the cause of action survives or continues."

For the reasons given, the judgment overruling the demurrer is
Affirmed.