STATE v. CLINTON BEASLEY, SARAH BEASLEY, ALIAS SARAH KRANE, ILA BEASLEY, ARTHUR I. KRANE, ALEX BEASLEY, NELLIE BEASLEY, PEARL BEASLEY, MARGARET LEE KEEN, AND ALMON KEEN.

(Filed 26 June, 1935.)

**1. Indictment A a—**

When the indictment charging defendants with the commission of crime is invalid, defendants' motion to dismiss the action for want of jurisdiction should be allowed. N. C. Const., Art. I, sec. 12.

**2. Indictment A b—Grand jury held to have no jurisdiction to charge commission of crime in another county, and indictment was void.**

The jurisdiction of a grand .jury, with certain statutory exceptions, extends only to crimes committed within the county, and where the bill of indictment avers that the crime, not within the statutory exceptions, was committed in another county, and the court, upon the finding of a true bill, transfers the case to the county in which the indictment avers the offense to have been committed, the Superior Court of such county acquires no jurisdiction, and defendants' motion to dismiss should be allowed, since the indictment is void for want of jurisdiction in the grand jury returning same, and cannot confer jurisdiction upon the Superior Court of any county.

**3. Criminal Law F b—**

A trial and conviction upon a void indictment will not support a plea of former jeopardy upon a subsequent trial after the Supreme Court has reversed the judgment upon the void indictment.

**4. Criminal Law L f—New trial is awarded some of defendants for admission of evidence predicated upon void indictment of codefendants.**

Where defendants, charged in various indictments with the same offense, are tried together, and judgment of conviction of some of the de-

fendants is reversed because the indictment upon which they were tried is void, a new trial will be awarded the other defendants upon their appeal upon their exception to the admission of evidence on the joint trial which depended for its competency upon the void indictment.

APPEAL from *Daniels, J.,* at December Term, 1934, of JOHNSTON.

*James R. Pool, E. J. Wellons, and L. L. Levinson for defendants.*
*Simms & Simms for Pearl Beasley only.*
*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

SCHENCK, J.   Nine defendants were jointly tried upon three bills of indictment charging that they "did unlawfully and wilfully and feloniously forcibly, fraudulently kidnap and carry away" Camelia Price, Ogolia Barber, and Josephine Smith, respectively.   C. S., 4221.   The defendants Sarah Beasley, alias Sarah Krane, Arthur I. Krane, Clinton Beasley, and Ila Beasley were charged in one bill with kidnapping Camelia Price in Johnston County, on 12 May, 1934; Alex Beasley, Sarah Beasley, alias Sarah Krane, Nellie Beasley, Pearl Beasley, Margaret Lee Keen, and Almon Keen were charged in one bill with kidnapping Ogolia Barber in Johnston County, on 12 August, 1934; and the said last six named defendants were charged in another bill with kidnapping Josephine Smith in said county on said last named date.   A general verdict of guilty was returned as to all of the defendants, except Almon Keen, who was acquitted.   From judgments of imprisonment pronounced upon the verdict, the defendants (except Almon Keen) appealed to the Supreme Court, assigning errors.

The bill of indictment charging the kidnapping of Camelia Price was found by the grand jury of Wayne County, and alleged that the kidnapping was done in Johnston County.   The judge holding the courts of Wayne County transferred the case to the Superior Court of Johnston County, notwithstanding the defendants named in the bill lodged no motion and made no appearance in Wayne Superior Court.

Upon the consolidated cases coming on for trial in Johnston Superior Court the defendants named in the bill found in Wayne County, charging the kidnapping of Camelia Price, in apt time, challenged the jurisdiction of the Superior Court of Johnston County to try them by lodging a motion to dismiss the action in so far as it related to the charge in said bill, which motion was disallowed.

When in the Superior Court a defendant is tried without a valid indictment, and moves to dismiss the action for want of jurisdiction, the motion should be allowed.   N. C. Const., Art. I, sec. 12; *S. v. Rawls,* 203 N. C., 436.   We are therefore confronted with the simple question

as to whether the bill found in Wayne County and transferred to Johnston County conferred jurisdiction upon the Superior Court of Johnston County to try the defendants named in the bill for the kidnapping of Camelia Price in Johnston County. If it did confer such jurisdiction, then the motion to dismiss was properly disallowed; if it did not confer such jurisdiction, then said motion was improperly disallowed.

It appears from the bill that it was found in Wayne County, and that the averment is that the offense was committed in Johnston County. The territorial jurisdiction of the Superior Court of Wayne County, with certain statutory exceptions which have no application here, is Wayne County. Therefore, the grand jury of Wayne County was without jurisdiction to indict the defendants for a breach of the criminal law averred to have been committed in Johnston County, and since the grand jury that found the bill—the grand jury of Wayne County— had no jurisdiction over an offense averred to have been committed in another county—Johnston County—the bill was void, and could confer no jurisdiction anywhere, even in the county in which the offense is averred to have been committed. *S. v. Mitchell et al.,* 202 N. C., 439.

We conclude that the Superior Court erred in disallowing the motion to dismiss the action in so far as it relates to the charge contained in the bill of indictment found in Wayne County and transferred to Johnston County; and the defendants in so far as the charge contained in this indictment is concerned are discharged. This discharge, however, does not preclude the said defendants from being tried upon an indictment by a grand jury of Johnston County, since jeopardy attaches only when, *inter alia,* the defendant is placed on trial upon a valid indictment or information. *S. v. Bell,* 205 N. C., 225; nor does it deny the authority of the court to hold said defendants until a valid bill can be found.

Since the admission of much of the evidence in the joint trial upon the various bills of the indictment was predicated upon the charge contained in the void indictment returned in Wayne County, and was competent only upon the theory that such indictment was a valid one, and since objections and exceptions were duly lodged thereto, it behooves us to award a new trial as to the appellants named in the other two indictments.

Reversed as to the charges contained in the indictment found in Wayne County and transferred to Johnston County.

New trial as to the charges contained in the other bills.