## STATE v. TROY FELTON IVEY.

(Filed 23 March, 1949.)

**1. Criminal Law §§ 56, 83—**

Where the warrant upon which defendant is convicted fails to charge a criminal offense the court acquires no jurisdiction of defendant, and its judgment will be arrested even if the Supreme Court must act *ex mero motu*.

**2. Fornication and Adultery § 2—**

The offense of fornication and adultery is statutory, and therefore the essential elements of the offense must be set forth in the warrant or bill of indictment. G.S. 14-184.

**8. Fornication and Adultery § 1—**

The statutory offense of fornication and adultery is the lascivious cohabitation by a man and a woman who are not married to each other, which implies habitual intercourse.

**4. Fornication and Adultery § 2—**

A warrant charging that defendant did lewdly and lasciviously associate with a woman to whom he was not married and "did engage in an act of intercourse" with her, fails to charge the statutory offense of fornication and adultery, and judgment against defendant is arrested by the Supreme Court *ex mero motu*.

APPEAL by defendant from *Williams, J.*, at November Term, 1948, of HARNETT.

Criminal prosecution begun in the recorder's court of Dunn, North Carolina, upon a warrant based on affidavit charging that defendant (1) "did unlawfully and willfully lewdly and lasciviously associate with and did engage in an act of intercourse with Pauline Hodges, not being married to the said Pauline Hodges," and (2) "did have in his possession 3½ gallons of non-tax paid whiskey for the purpose of sale . . .," etc.

The record discloses:

(1) That in recorder's court of Dunn defendant pleaded not guilty as to each charge so made against him, but was found guilty. Pursuant thereto judgment was pronounced, and defendant appealed to Superior Court.

(2) That in Superior Court "defendant entered a plea of not guilty to fornication and adultery and illegal possession of non-tax paid liquor for the purpose of sale."

(3) That on trial in Superior Court the "jury for their verdict say the defendant is guilty of F & A as charged in the warrant and not guilty of illegal possession of non-tax paid liquor," upon which judgment was

pronounced,—sentencing defendant "to jail for a term of not less than 20 or more than 24 months to be assigned to work the roads."

Defendant appeals to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Rhodes for the State.*

*Everette L. Doffermyre for defendant, appellant.*

WINBORNE, J.    While the record on this appeal presents serious questions arising in the course of the trial in the Superior Court, a fatal defect as to the first count appears upon the face of the record proper. No crime is there charged against defendant. Hence in that respect the court has not acquired jurisdiction of defendant, and, in such case the judgment must be arrested. And even though there be no motion for the arrest of judgment, this Court will act *ex mero motu,* that is, of its own motion, where lack of jurisdiction is apparent on the face of the record. This was the procedure followed in *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166, where the subject is pertinently treated and authorities cited by *Barnhill, J.* The rule applies in both civil and criminal cases. In *Branch v. Houston,* 44 N.C. 85, *Pearson, J.,* said : "If there be a defect, *e.g.,* a total want of jurisdiction apparent upon the face of the proceedings, the Court will of its own motion, 'stay, quash, or dismiss' the suit. This is necessary to prevent the Court from being forced into an act of usurpation, and compelled to give a void judgment . . . So, *ex necessitate,* the Court may on plea, suggestion, motion, or *ex mero motu,* where the defect of jurisdiction is apparent, stop the proceeding." The principle is recognized and applied in *Henderson Co. v. Smyth,* 216 N.C. 421, 5 S.E. 2d 136; *McCune v. Mfg. Co.,* 217 N.C. 351, 8 S.E. 2d 219; *Edwards v. McLawhorn,* 218 N.C. 543, 11 S.E. 2d 562; *S. v. King,* 222 N.C. 137, 22 S.E. 2d 241; *Hopkins v. Barnhardt,* 223 N.C. 617, 27 S.E. 2d 644; *Ridenhour v. Ridenhour,* 225 N.C. 508, 35 S.E. 2d 617.

In connection with the warrant in the present case, it must be borne in mind that the offense of fornication and adultery is statutory in this State. Our statute, G.S. 14-184, declares that "if any man and woman, not being married to each other, shall lewdly and lasciviously associate, bed and cohabit together, they shall be guilty of a misdemeanor; provided, that the admissions or confessions of one shall not be received in evidence against the other." Therefore, in order to constitute a valid charge under this statute the essential elements of the offense must be set forth in the warrant or bill of indictment. And, in reference to these, the Court in opinion by *Seawell, J.,* in the case of *S. v. Davenport,* 225 N.C. 13, 33 S.E. 2d 136, interprets the statute in this way : " 'Lewdly and lasciviously cohabit' plainly implies habitual intercourse, in the manner of husband

and wife, and together with the fact of not being married to each other, constitutes the offense, and in plain words draws the distinction between single or non-habitual intercourse and the offense the statute means to denounce."

Thus when the sufficiency of the warrant under which defendant stands charged in the first count is tested by the language of the statute, so interpreted by the Court, "habitual intercourse" is expressly negatived by the words "and did engage in an act of intercourse."

Judgment arrested.