## STATE v. W. B. EVERETT.

(Filed 10 October, 1956.)

**1. Larceny § 4—**

A warrant charging that defendant unlawfully and willfully authorized and directed his employee to enter upon the lands of another and carry off sand and gravel therefrom, without alleging what, if anything, the employee did pursuant to such authorization, does not charge a criminal offense. G.S. 14-80. Whether the judge of a recorder's court may return a special verdict if the statute under which the court is established does not so provide, *quaere?*

**2. Criminal Law § 67 (a)—**

Where the warrant on which defendant was tried does not charge a criminal offense, the judgment of not guilty upon a special verdict is void, and the State's appeal therefrom will be dismissed.

JOHNSON, J., not sitting.

APPEAL by State from *Morris, J.,* July Term, 1956, of HERTFORD.

Criminal prosecution based on warrant containing this charge:

". . . on or about the 9th day of March 1956, W. B. Everett did unlawfully and wilfully authorize and direct Edward Cherry, who was employed by him upon said date as his agent or servant, to enter upon the lands of Eula Carter Jones and carry off and engage in carrying off sand and gravel being thereon, from said property, said sand and gravel being the property of said Eula Carter Jones, and under the keeping and care of C. W. Jones, the said W. B. Everett not being the present owner or *bona fide* claimant of said land or premises, against the form of the statute in such case made and provided, and contrary to the law and against the peace and dignity of the State."

Upon trial in the Recorder's Court of Hertford County, the judge thereof made certain findings of fact, designated a special verdict, and upon such special verdict found the defendant not guilty. The State gave notice of appeal.

Upon the State's appeal the Superior Court judge, considering said findings of fact insufficient to constitute a criminal offense, affirmed the judgment of the recorder's court. Thereupon, the State gave notice of appeal to the Supreme Court.

*Attorney-General Patton and Assistant Attorney-General McGalliard for the State.*

*J. Carlton Cherry and Pritchett & Cooke for defendant, appellee.*

BOBBITT, J. Before the 1945 amendment (Ch. 701, 1945 Session Laws) the State had no right of appeal to the Superior Court from the judgment of an inferior court of competent jurisdiction given for the defendant upon a special verdict. G.S. 15-179; *S. v. Nichols,* 215 N.C. 80, 200 S.E. 926. The 1945 amendment implies that there may be circumstances under which the State has such right of appeal. *Quaere:* Unless the statute under which a recorder's court is established so provides, may *the judge* of such court return a *special* verdict?

On this appeal, we do not reach the question posed above. Nor do we consider whether the findings of fact are sufficient to constitute a criminal offense under G.S. 14-80.

Here the warrant charges that defendant unlawfully and wilfully authorized and directed Cherry to do certain things. What Cherry did, if anything, pursuant to such authorization and direction, is not alleged.

Lack of jurisdiction appears on the face of the record. The warrant does not charge a criminal offense. No valid judgment could be pronounced thereon. *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166; *S. v. Ivey,* 230 N.C. 172, 52 S.E. 2d 346. Therefore, the judgments of the recorder's court and of the Superior Court are void. Since the courts below had no jurisdiction, the appeal to this Court is dismissed.

Appeal dismissed.

JOHNSON, J., not sitting.