STATE v. GLENN JERNIGAN.

(Filed 29 November, 1961.)

**1. Crime Against Nature—**
    The crime against nature is a felony in this jurisdiction. G.S. 14-177.

**2. Criminal Law § 13—**
    The Superior Court is a court of general State-wide jurisdiction, and has final jurisdiction of all felonies committed within this State. G.S. 7-63.

**3. Same—**
    A valid warrant or indictment is an essential of jurisdiction.

**4. Crime Against Nature—**
    An assault is not an essential element of the crime of sodomy when the indictment does not allege that the offense was committed on an unwilling human being, nor is it a less degree of that crime, and therefore a defendant charged with committing the crime against nature with a woman cannot be convicted upon such warrant of an assault upon the woman.

**5. Criminal Law § 154—**
    An appeal itself will be taken as an exception to the judgment and raises the question whether error of law appears upon the face of the record.

**6. Criminal Law § 16—**
    Where a defendant is brought before a municipal-county court upon a warrant charging a felony, such court having the power in such instance only to bind defendant over for trial in Superior Court, the municipal-county court has no jurisdiction to convict defendant on such warrant of a misdemeanor which is not a less degree of the crime charged, and its imposition of a suspended sentence for such misdemeanor and its order thereafter activating the suspended sentence for condition broken, are nullities.

**7. Criminal Law §§ 18, 136—**

The jurisdiction of the Superior Court on appeal from a municipal-county court is derivative, and therefore when a municipal-county court has no jurisdiction to enter an order activating a suspended sentence for condition broken, the Superior Court acquires no jurisdiction by an appeal.

**8. Criminal Law § 139—**

When lack of jurisdiction appears upon the face of the record, the Supreme Court will *ex mero motu* vacate and set aside the proceeding.

**9. Criminal Law § 26—**

A conviction of defendant of an offense without a valid warrant or indictment charging such offense does not preclude the State from thereafter proceeding against defendant upon a valid warrant or indictment.

**10. Criminal Law § 137—**

Where the record of a municipal-county court shows that "defendant entered a plea of probable cause hearing" to a warrant charging a felony, the cause must be remanded to that court for a correction of its record to show whether defendant waived a preliminary hearing, or, if defendant did not waive such hearing, for the court to hold such preliminary hearing.

APPEAL by defendent from *Gambill, J.,* February 1961 Term of GUILFORD, Greensboro Division.

Appeal from a judgment putting into effect a suspended sentence.

*T. W. Bruton, Attorney General, and H. Horton Rountree, Assistant Attorney General, for the State.*

*Lawrence Egerton, Jr., for defendant, appellant.*

PARKER, J. Defendant on 18 March 1960 was brought before the municipal-county court, criminal division, of Guilford County, for trial on a warrant charging him on 12 February 1960 at and in Guilford County, near the South Drive-In Theatre in Greensboro, with having committed the abominable and detestable crime against nature with a woman, specified by name in the warrant, in violation of G.S. 14-177. The record proper in that court signed by Z. H. Howerton, Jr., the presiding judge, shows the following occurred: "The defendant entered a plea of Probable Cause Hearing to the above offense, and, upon hearing the evidence, the court rendered a verdict of Guilty (Assault on Female)." Whereupon, the judge imposed a sentence of two years imprisonment, and suspended the imprisonment for five years upon certain specified conditions, one of which was that "defendant shall not communicate with the prosecuting witness by

telephone or mail, or by any other means, and shall not molest the prosecuting witness in any way."

On 20 January 1961 the court issued a capias to bring the defendant before it for determination of whether he had willfully violated the condition of the suspended sentence above set forth. Upon such hearing the court found as a fact that he had, and activated the sentence of imprisonment. Defendant appealed to the superior court.

Judge Gambill heard *de novo* the question whether defendant had willfully violated the condition of the suspended sentence above set forth, made detailed findings of fact, found that he had, and activated the sentence of imprisonment. Whereupon, defendant appealed to the Supreme Court.

Defendant in his brief makes the following contentions: He was brought before the municipal-county court, criminal division, of Guilford County, charged in a warrant with having committed the crime against nature, a violation of G.S. 14-177, a felony. He entered a plea of probable cause hearing to the offense charged, and when he did, the court should have bound him over to the superior court of Guilford County for trial on that offense. But instead of doing this, the court heard evidence, "rendered a verdict of guilty" of an assault on a female, which it had no jurisdiction to do because he was charged with no such offense. That such action by the court was void for lack of jurisdiction, and as the court had no jurisdiction "to render a verdict" that he was guilty of assault on a female and to sentence him for such an offense, the superior court, whose jurisdiction was derivative on his appeal, had no jurisdiction. He contends the case should be remanded to the municipal-county court.

The municipal-county court, criminal division, of Guilford County, is a court of limited jurisdiction, and has no final jurisdiction over felonies committed within its territorial jurisdiction. 1955 Session Laws, Chapter 971, Section 3(a), (b), (1). Section 3, (b), (3), of this statute gives this court authority to hear and bind over to the superior court persons charged with having committed a felony within its territorial limits upon a finding by it of probable cause of guilt. Section 4, Rule 15, of the above statute, provides: "In all cases heard by the judges of the court as committing magistrates in any case where the court does not have final jurisdiction, and in which probable cause of guilt is found," the defendant shall be bound over to the next succeeding criminal term of the superior court of Guilford County, Greensboro Division.

The crime against nature in this jurisdiction is a felony. G.S. 14-177.

The superior court is a court of general, state-wide jurisdiction,

and has final jurisdiction of all felonies committed within the territorial limits of the State. G.S. 7-63.

A valid warrant or indictment is an essential of jurisdiction. *S. v. Thornton,* 251 N. C. 658, 111 S.E. 2d 901; *S. v. Wallace,* 251 N.C. 378, 111 S.E. 2d 714; *S. v. Strickland,* 243 N.C. 100, 89 S.E. 2d 781; *S. v. Thorne,* 238 N.C. 392, 78 S.E. 2d 140; *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166; *S. v. Beasley,* 208 N.C. 318, 180 S.E. 598.

The warrant here specifies in detail the facts of the crime charged, which is sodomy. "Assault is an element of the offense of sodomy only when perpetrated on an unwilling human being, and is not an element if the other person consents or when the offense is committed with a beast. Likewise, the offense of sodomy may be committed without compulsion or force." 81 C.J.S., Sodomy, Section 1, (2). The warrant here does not aver that the woman therein named was unwilling, or that compulsion or force was used, or that an assault was committed upon her.

An assault upon a woman is not a less degree of the crime of sodomy charged in the warrant here. See G.S. 15-170; *S. v. Savage,* 161 N.C. 245, 76 S.E. 238.

The municipal-county court "rendered a verdict" the defendant is guilty of an assault upon a female, and imposed sentence upon him without a warrant, or a waiver thereof, and without a plea by defendant to such an offense, or the intervention of a jury. Speaking directly to such a point, this Court said in *S. v. Alston,* 236 N.C. 299, 72 S.E. 2d 686: "The record indicates that the judgment was pronounced and entered without warrant or indictment, or waiver thereof (G.S. 15-140), and without arraignment, plea, or the intervention of a jury. It necessarily follows, then, that the judgment is void. This is conceded by the State. The judgment will be vacated and set aside. Of course, the Solicitor may send a bill, if so advised."

"An appeal will be taken as an exception to the judgment and raises the question as to whether error in law appears upon the face of the record." *S. v. Corl,* 250 N.C. 252, 108 S.E. 2d 608.

It appears here upon the face of the record proper that the municipal-county court had no jurisdiction "to render a verdict" the defendant is guilty of an assault on a woman, to impose a sentence of imprisonment upon him suspended on certain conditions, and to activate the sentence of imprisonment upon a finding that he had willfully violated a condition of the suspended sentence, and that such action by that court was void. The jurisdiction of the superior court on the appeal here is derivative, and since the municipal-county court had no jurisdiction in respect to the offense of an assault on a woman in this

case, as above set forth, and all its proceedings in that respect are void, the superior court had no jurisdiction to activate the suspended sentence, and such action on its part is void. *S. v. White*, 246 N.C. 587, 99 S.E. 2d 772; *S. v. Thomas*, 236 N.C. 454, 73 S.E. 2d 283; *S. v. Patterson*, 222 N.C. 179, 22 S.E. 2d 267.

Where a lack of jurisdiction appears upon the face of the record, as it does here, this Court, even in the absence of a motion, will *ex mero motu* vacate and set aside the proceedings done when there is no jurisdiction. *S. v. Wallace, supra; S. v. Ivey*, 230 N.C. 172, 52 S.E. 2d 346; *S. v. Morgan, supra.*

The judgment of the superior court activating the suspended sentence is vacated and set aside, and the superior court will remand the case to the municipal-county court with directions that it shall vacate and set aside its "rendering of a verdict" that the defendant is guilty of an assault upon a woman, its imposition of a sentence of imprisonment upon him for such an offense suspended upon certain conditions, and its activation of such sentence of imprisonment upon a finding that he had willfully violated a condition of its suspension.

However, the State, if it so desires, may proceed against the defendant in the municipal-county court for an assault upon the woman named in the warrant here upon a valid warrant. *S. v. Wallace, supra; S. v. Strickland, supra.* Jeopardy attaches only when, *inter alia*, a defendant is tried upon a valid warrant or indictment. *S. v. Beasley, supra; S. v. Speller*, 229 N.C. 67, 47 S.E. 2d 537.

The record proper in the municipal-county court states that the judge "rendered a verdict of guilty" of an assault on a female. This is an infelicitous and inaccurate choice of words, for the word "verdict" means the answer of the jury concerning any matter of fact submitted to them for trial. *S. v. Hovis*, 233 N.C. 359, 64 S.E. 2d 564; *Bartlett v. Hopkins*, 235 N.C. 165, 69 S.E. 2d 236; 89 C.J.S., Trial, Section 485 (a).

When the case is remanded to the municipal-county court, and, pursuant to the law set forth in this decision, it vacates and sets aside all its proceedings done in respect to assault on a woman, the defendant will be confronted with the warrant charging him with having committed a crime against nature, in violation of G.S. 14-177. The record proper from the municipal-county court shows that on 18 March 1960 "the defendant entered a plea of Probable Cause Hearing" to the above warrant. We are not certain what these quoted words mean. If in fact the defendant waived a preliminary hearing on this warrant, the municipal-county court will correct its records to show such waiver, and bind the defendant over to appear at the next succeeding criminal

term of the superior court of Guilford County, Greensboro Division, on the warrant charging him with having committed the crime against nature. It is universally recognized that a court of record has the power and duty to supply defects in its records, and to make its records speak the truth. *S. v. Cannon*, 244 N.C. 399, 94 S.E. 2d 339. If the defendant did not waive a preliminary hearing on such charge, then the municipal-county court will have a preliminary hearing on the warrant charging defendant with having committed the crime against nature in accordance with law.

Reversed and remanded with directions.