STATE OF NORTH CAROLINA v. BILLY LEWIS ROBINSON AND MARY LOU BROOKS

No. 7021SC487

(Filed 16 September 1970)

**Fornication and Adultery § 4— sufficiency of evidence**
    In a prosecution charging defendants with fornication and adultery in violation of G.S. 14-184, the State's evidence was sufficient to carry issue of defendants' guilt to the jury.

APPEAL by defendants from *Armstrong, J.,* 20 April 1970 Session, FORSYTH Superior Court.

The defendants, Billy Lewis Robinson (Robinson), and Mary Lou Brooks (Brooks), were charged in warrants, proper in form, with fornication and adultery in violation of G.S. 14-184. The cases were consolidated for trial and the defendants pleaded not guilty. The jury found each defendant guilty as charged.

From judgments entered on the verdicts, the defendants appealed to this Court.

*Robert Morgan, Attorney General, by James L. Blackburn, for the State.*

*Morgan, Byerly, Post and Keziah, by W. B. Byerly, Jr., for the defendant.*

HEDRICK, J.

The defendants assign as error the court's refusal to allow their motions for judgments as of nonsuit.

The only evidence before the court and jury was that offered by the State which tended to establish the following facts: The defendant Robinson separated himself from his wife in December 1969, and during the month of January 1970 he was residing in a trailer at Kanoy Trailer Park, Kernersville, Forsyth County, North Carolina. Three witnesses for the State testified that on 27 January 1970 they went to the defendant Robinson's trailer between the hours of 9:00 and 10:00 p.m. where they saw the defendants Robinson and Brooks in bed together. These witnesses testified that they saw a lady's robe thrown across a chair in the living room, and that food was cooking on the stove, and the dining table had been set for two people.

Emily Carol Robinson testified that she saw the defendant Brooks getting into Robinson's blue Corvair at Triad Manufacturing Company, where the defendants worked, three or four weeks prior to the date she saw them in bed together in the trailer and, also, on 27 January 1970 she saw a prescription bottle in the trailer bearing the name of Mary Lou Brooks, and on the same occasion she saw a pair of women's boots in the defendant Robinson's blue Corvair.

Mrs. Charles Bryant, who resided in the Kanoy Trailer Park, testified that she saw the defendant Brooks go to Robinson's trailer on three separate occasions, in the nighttime, in the month of January 1970 and remain inside the defendant Robinson's trailer for approximately three hours on each occasion.

The defendants contend that the evidence tends to show only a single act of illicit sexual intercourse, and that such is not a violation of G.S. 14-184.

State v. Robinson

In *State v. Kleiman,* 241 N.C. 277, 85 S.E. 2d 148 (1954), Bobbitt, J., now C.J., summarized the North Carolina law with respect to this statute as follows:

"A single act of illicit sexual intercourse is not fornication and adultery as defined by G.S. 14-184, *S. v. Ivey,* 230 N.C. 172, 52 S.E. 2d 346; for, as stated in *S. v. Davenport,* 225 N.C. 13, 33 S.E. 2d 136, ' "Lewdly and lasciviously cohabit" plainly implies habitual intercourse, in the manner of husband and wife, and together with the fact of not being married to each other, constitutes the offense, and in plain words draws the distinction between single or non-habitual intercourse and the offense the statute means to denounce.'

"But, as stated further by *Seawell, J.,* in the opinion in the *Davenport* case: 'It is never essential to conviction that even a single act of illicit sexual intercourse be proven by direct testimony. While necessary to a conviction that such acts must have occurred, it is, nevertheless, competent to infer them from the circumstances presented in the evidence. . . .'"

In the instant case the evidence tended to show some association between the defendants for a period of three or four weeks. Evidence that the *feme* defendant was seen to enter and remain in the male defendant's living quarters for approximately three hours in the nighttime on three separate occasions in the month of January 1970 must be considered in connection with the evidence of what occurred in the male defendant's trailer on the night of 27 January 1970 and, when so considered, we hold the evidence sufficient to carry the case to the jury. *State v. Kleiman, supra.*

The judgments are affirmed.

Affirmed.

MALLARD, C.J., and PARKER, J., concur.