STATE OF NORTH CAROLINA v. ARCHIE CURTIS BOND

No. 741SC360

(Filed 1 May 1974)

**Indictment and Warrant § 3— jurisdiction of grand jury — crimes committed in another county**

> The grand jury of Pasquotank County had no jurisdiction to indict defendant for crimes allegedly committed in Tyrrell County and an indictment returned by the grand jury of Pasquotank County for such crimes was void.

ON *certiorari* to review the order of *Copeland, Special Judge,* entered on 1 October 1973 in PASQUOTANK County.

Defendant was indicted by a Tyrrell County grand jury for felonious breaking and entering and felonious larceny. Both offenses allegedly occurred in Tyrrell County. The case was later transferred to Pasquotank County. A Pasquotank County grand jury indicted defendant for the same offenses specified in the Tyrrell County bill.

Defendant pled guilty to both charges in Pasquotank County Superior Court and was sentenced to 10 years imprisonment.

On 12 September 1973, defendant petitioned for a writ of habeas corpus. He contended that the Pasquotank County bill of indictment was void and that his detention was illegal since he had not been tried under a proper indictment. Defendant's petition was granted. On return of the writ, judgment was entered directing that defendant be discharged.

The State's petition for certiorari was granted by this Court in an order dated 9 January 1974.

*Attorney General Robert Morgan by Ralf F. Haskell, Assistant Attorney General, for the State.*

*Forrest V. Dunstan and Richard E. Railey for defendant appellee.*

VAUGHN, Judge.

There is nothing in the record to show that the removal to Pasquotank County was with written consent of defendant as required by G.S. 15-135, and there is no argument that there was a defect in the original indictment which, after a valid

removal, would have permitted the Pasquotank grand jury to return a new bill under G.S. 15-136. Except for these and other statutory provisions not material here, the grand jury of Pasquotank County has no jurisdiction to indict for crimes committed in Tyrrell County. Since the grand jury had no jurisdiction, the indictment upon which defendant was tried is void and the judgment of Judge Copeland must be affirmed. *State v. Beasley*, 208 N.C. 318, 180 S.E. 598; *State v. Mitchell*, 202 N.C. 439, 163 S.E. 581. This discharge will not, however, preclude defendant from being tried upon a valid indictment in Tyrrell County, since jeopardy does not attach on a void indictment. *State v. Beasley, supra.*

Affirmed.

Judges CAMPBELL and MORRIS concur.