NEVETT F. ENSMINGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Ensminger v. Commissioner
Docket No. 4824-76.
United States Tax Court
T.C. Memo 1977-224; 1977 Tax Ct. Memo LEXIS 220; 36 T.C.M. (CCH) 934; T.C.M. (RIA) 770224; July 18, 1977, Filed Barry Nakell, for the petitioner. Gary F. Walker, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $128 in petitioner's Federal income tax for the taxable year 1974. The primary issue for decision is whether petitioner is entitled to a dependency exemption claimed for an unrelated adult woman who lived with him during the taxable year and received over one-half of her total support from him. We must also decide whether petitioner properly used the "heads of households" rates when computing his tax for the year in issue. This case was submitted without trial in accordance with provisions of Rule 122, Tax Court Rules *222 of Practice and Procedure, by joint motion of the parties. We adopt the stipulation of facts and exhibits attached thereto as our findings. All pertinent facts are set forth below. Petitioner's legal residence was Siler City, North Carolina, at the time his petition was filed herein. He previously had filed a Federal income tax return for the calendar year 1974 with the Internal Revenue Service Center at Chamblee, Georgia. That return was prepared using the cash receipts and disbursements method of accounting. Petitioner is a male who was 28 years of age on December 31, 1974. During 1974 petitioner shared his four-room house with an adult female who was 21 years of age on December 31, 1974. The woman was unemployed and had a gross income of less than $750 during that year. More than one-half of her total support was provided by petitioner. She did not receive support from any individual other than petitioner. Petitioner's house was her principal place of abode and she was a member of his household. Therefore, petitioner classified her as a dependent on his Federal income tax return for 1974, claimed an exemption deduction for her, and claimed the filing status and preferential *223 tax rates reserved for "heads of households" by sections 2(b) and 1(b) of the Code, [1] respectively. At no time during the year 1974 were petitioner and the claimed dependent legally married to each other or to any third party, within either the meaning of any recognized State law, the ceremonial sensus of the term, or the common law meaning of the term. Moreover, neither petitioner nor the woman was legally separated from any person within the meaning of section 143 of the Code or within the meaning of any legally recognized State law. Respondent notified petitioner that both his claimed exemption deduction and his use of the "heads of households" rates were disallowed by a statutory notice of deficiency mailed on February 27, 1976. That determination was premised upon respondent's belief that petitioner's claimed dependency exemption for his female companion was barred by section 152(b)(5) of the Code which provides that: An individual is not a member of the taxpayer's household if at any time during the taxable year of the *224 taxpayer the relationship between such individual and the taxpayer is in violation of local law.
Respondent's case rests completely upon his allegation that, by residing together during the taxable year, petitioner and his claimed dependent violated N.C. Gen. Stat. sec. 14-184 (Repl. 1969), which states in pertinent part: If any man and woman, not being married to each other, shall lewdly and lasciviously associate, bed and cohabit together, they shall be guilty of a misdemeanor…. Thus, having determined administratively that petitioner's sole claimed dependent was not legally cognizable, respondent recomputed his tax liability without applying the "heads of households" rates. Petitioner asserts in opposition that (1) his conduct was not violative of this specific law, as interpreted by the appellate courts in North Carolina, (2) the right of privacy bars any application of the statute to conduct in the privacy of the home, (3) the statute is unconstitutionally vague and hence unenforceable, (4) the law is not subject to active enforcement within North Carolina, and (5) the respondent has failed to meet his burden of proof on the question of whether *225 petitioner's relationship with an unmarried woman violated State law. A careful review of the stipulated facts, relevant State court decisions, and the Internal Revenue Code causes us to conclude that petitioner is not entitled to an exemption for his claimed dependent because he has failed to carry the burden of proof placed upon him by Rule 142, Tax Court Rules of Practice and Procedure.Moreover, he is not entitled to use the tax rates reserved for "heads of households" because of our finding regarding his only claimed dependent. Our conclusion does not focus on petitioner's lengthy discourse concerning his right to privacy or the alleged unconstitutional vagueness in the statute. It is clear that the statute has not fallen into disuse because cases applying it have surfaced in the State appellate courts as recently as 1970. See, e.g., State v. Robinson,9 N.C. App. 433, 176 S.E. 2d 253 (1970). The record before us lacks any evidence pertaining to one essential element of the offense set forth in N.C. Gen. Stat. sec. 14-184 (Repl. 1969), habitual sexual intercourse, so we must rule that petitioner has not carried his burden of *226 proof. A review of State appellate court decisions demonstrates that certain habitual sexual conduct, not status, is prohibited by the statute. See State v. Kleiman,241 N.C. 277, 85 S.E. 2d 148 (1954); State v. Davis,229 N.C. 386, 50 S.E. 2d 37 (1948); State v. Davenport,225 N.C. 13, 33 S.E. 2d 136 (1945). Moreover, appellate decisions affirming convictions under the statute have required specific findings that sexual acts occurred, among other evidence, as a prerequisite to conviction. See, e.g., State v. Davis,supra; State v. Davenport,supra.Such findings may be a sinequanon for conviction, but they are not solely determinative of whether a violation of the statute has occurred. The facts before us were stipulated by the parties. No mention of sexual conduct exists within those facts. Two people who could have testified with regard to the essential elements of the statute, the petitioner and his companion, did not elect to pursue that course, and knowledge presumably possessed by them alone never reached the Court. Indeed, instead of even alleging no habitual sexual *227 conduct, petitioner chose to make a collateral attack on the State statute in issue. Since that attack stands on unstable grounds, we hold that petitioner is not entitled to the claimed dependency exemption. This Court's position with respect to the issue at hand was stated in Turnipseed v. Commissioner,27 T.C. 758 (1957), and has been adhered to uniformly in all subsequent cases. See Martin v. Commissioner,T.C. Memo. 1973-136; Eichbauer v. Commissioner,T.C. Memo. 1971-133; Amaro v. Commissioner,T.C. Memo. 1970-208, Davis v. v. Commissioner,T.C. Memo. 1964-184; Jund v. Commissioner,T.C. Memo. 1963-79; Untermann v. Commissioner,38 T.C. 93, 97 (1962). Petitioner acknowledges on brief that his argument is inconsistent with our long-standing position. Section 152(a)(9) of the Code defines a "dependent" as: An individual… who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household. Petitioner claimed dependency status for the woman under this provision. Although respondent *228 bases his disallowance of petitioner's use of the "heads of households" rates solely upon his finding that petitioner had no dependents through the operation of section 152(b)(5), we also cannot overlook the clear language contained in section 2(b)(3)(B)(i) of the Code: [For] purposes of this subtitle a taxpayer shall not be considered to be a head of household--… (B) by reason of an individual who would not be a dependent for the taxable year but for-- (i) paragraph (9) of section 152(a)…. Accordingly, we hold that petitioner may not use the "heads of households" rates for 1974. Decision will be entered for the respondent. Footnotes
1. All statutory references pertain to the Internal Revenue Code of 1954, as amended during the year in issue, unless otherwise indicated.↩