***********
Upon review of Plaintiff's appeal and the case file, Plaintiff appears to allege that he suffered injury as the result of the negligent actions of Judges Donald Stephens and Ripley E. Rand, and Judicial Assistant Terri Stewart, all of Wake County. However, N.C. Gen. Stat. § 143-291(a) confers upon the North Carolina Industrial Commission jurisdiction to hear tort claims based on negligence against agencies of the State. Because Plaintiff's claim does not allege negligence on the part of a state employee or agency, the Industrial Commission does not have jurisdiction over Plaintiff's claim.
Furthermore, judicial officials are immune to claims of negligence in the performance of their duties. Fuquay Springs v. Rowland,239 N.C. 299, 301, 79 S.E.2d 774, 776 (1954). Because Plaintiff's claim alleges negligence on the part of a judicial officer who is immune from suit as a private person, the State is likewise immune, as the Tort Claims Act is limited to *Page 2 
negligence claims which would subject a private party to liability. N.C. Gen. Stat. § 143-291. Therefore, the Industrial Commission lacks jurisdiction over Plaintiff's claim for this additional reason.
After review of Plaintiff's affidavit, the undersigned have determined that Plaintiff's claim is not properly before the Industrial Commission and must be dismissed pursuant to N.C. Gen. Stat. § 143-291(a).
Because Plaintiff has failed to state a claim pursuant to N.C. Gen. Stat. § 143-291(a), Plaintiff's Motion for a new Hearing and Motion to Set Aside Judgment must be denied as moot.
IT IS THEREFORE ORDERED that Plaintiff's claim should be, and hereby is, DISMISSED WITH PREJUDICE. Plaintiff's Motion for New Hearing and Motion to Set Aside Judgment are accordingly DENIED.
This the 10th day of December, 2010.
 S/___________________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1